The defendants American Discount Stores, Inc., and Joseph A. Aboudi have demurred to the third and fifth counts of the plaintiff's complaint, which sound in negligence, on the ground that no landlord or abutting property owner has a duty to maintain a public sidewalk regardless of any city ordinance requiring maintenance of a sidewalk. The plaintiff claims that by virtue of General Statutes *Page 2 
§ 7-118[1] and Bridgeport ordinance § 27-25[2]
these defendants are liable in negligence for failure to maintain properly the subject sidewalk area.
The plaintiff's complaint alleges that she was injured when she fell over a hatchway door located in the sidewalk abutting the premises of these defendants. She alleges that the door was improperly fitted so as to be raised above the level of the sidewalk and that it was not properly maintained by the defendants.
The defendants do not challenge that part of the plaintiff's complaint which sounds in nuisance as they unquestionably would be liable for any public nuisance created by them. See, e.g., Fabrizi v.Golub, 134 Conn. 89, 94; Perkins v. Weibel,132 Conn. 50; Stevens v. Neligon, 116 Conn. 307, 313;Hanlon v. Waterbury, 108 Conn. 197. Rather, the defendants claim that, notwithstanding any statute *Page 3 
or ordinance requiring them to maintain and repair public sidewalks abutting their property, they may not be held liable in negligence to a person for injuries caused by any negligent failure on their part to maintain or repair such sidewalks.
One encounters difficulty in dealing with cases in this area since the courts have often talked indiscriminately of public nuisance and negligence. See Prosser, Law of Torts (4th Ed.) § 57, p. 352 n. 9. Generally speaking, in the absence of a statute or ordinance to the contrary, the owner or occupier of land abutting a public sidewalk does not, solely by virtue of being an abutter, owe a duty to the public to keep the sidewalk in a safe condition. Tenney v.Pleasant Realty Corporation, 136 Conn. 325, 329;Stevens v. Neligon, supra; Hanlon v. Waterbury,
supra; see also annot., 88 A.L.R.2d 331, 340. The plaintiff claims, however, that the state statute and the Bridgeport ordinance requiring abutting landowners *Page 4 
to keep sidewalks in safe condition render the defendants liable in negligence to third persons for injuries caused by defects in the sidewalks.
"The State places upon the municipality the burden of keeping its highways in a reasonably safe condition for public travel, and this duty it cannot impose upon the property owner by contract or ordinance. Hartford v. Talcott, 48 Conn. 525, 532;Kristiansen v. Danbury, 108 Conn. 553, 559 ...."Stevens v. Neligon, supra, 309. Moreover, even when a statute or ordinance provides that an abutting landowner is required to keep the sidewalk adjacent to his property in a safe condition or to remove any snow and ice which may accumulate on it, that alone is insufficient to make the owner or occupier liable for injuries caused by his failure to obey the statute. See 39 Am. Jur.2d, Highways, Streets, and Bridges, § 367; annot., 88 A.L.R.2d 331, 354, and cases cited therein. "The defendant's duty ... is one owed to the city.... [T]he city ordinance cannot cast upon the property owner liability to a traveler upon the highway for failure to perform that duty. The defendant therefore cannot be held responsible on the ground of negligence arising from his failure to perform a duty owed to the plaintiff."Stevens v. Neligon, supra, 312; see Willoughby
v. New Haven, 123 Conn. 446, 452. Although bothStevens and Willoughby involved falls on snow and ice, the court in Willoughby made clear that the rule is applicable in the repair and maintenance situation. "The decided weight of authority is that no liability to travelers or the city for injuries results from failure to comply with such statute or ordinance. [Citations omitted.] Abutting owners have only been held liable for injuries from defective sidewalks where under charter provisions they were not only charged with the duty of keeping sidewalks in repair but also expressly made liable for injuries *Page 5 
occasioned by defective condition thereof." Willoughby,
supra, 453-54. See 39 Am. Jur.2d, loc. cit.; annot., 88 A.L.R.2d 331, 358.
If the injury at issue here were alleged to have been caused by a defect in the sidewalk itself, a defect resulting from the negligence of these defendants in failing to maintain properly that sidewalk, the demurrer would have to be sustained. In that event, under some circumstances, the defendants might be held liable for creating a common-law nuisance, but not for negligence in failing to maintain or repair the sidewalk as provided by ordinance. See Willoughby v. New Haven, supra, 453-54. Counts three and five, however, allege that the injury was caused by an improperly fitted hatchway door which was in the control of the defendants and for which they were responsible. Although the plaintiff may have improperly alleged the grounds upon which the defendants' liability may be based, namely, a duty imposed by ordinance to maintain the hatchway door and sidewalk, she has alleged sufficient facts to make out a cause of action in negligence for failure to use due care in the maintenance of the hatchway door utilized by the defendants in their business.
In Fabrizi v. Golub, 134 Conn. 89, the plaintiff sued the abutting landowner and the municipality for injuries sustained when he fell into a stairwell extending from the defendant's building onto the sidewalk. A verdict was rendered for the plaintiff against the defendant municipality only. The court, in reversing the judgment on other grounds, made several statements relevant to the present case. First, the court found (p. 93) that the stairwell was an adjunct to the defendant landowner's building. Second, it found (p. 93) that the defendant owner, and not the city, maintained and exercised control over the stairwell. Since there was no evidence to *Page 6 
the contrary, the court stated that "it must be assumed that they [abutting landowners] owned the land ... and the stairway was on their property.... There was no basis in the evidence from which the jury could find that the city ever asserted or exercised any actual control over it.... [T]he Golubs were maintaining the stair well, and they would be liable if they were guilty of negligence inrespect to it, or it constituted a nuisance, as a result of which a traveler on the sidewalk suffered an injury." Fabrizi v. Golub, supra, 93-94. (Emphasis added.)
The plaintiff here has alleged that the hatchway door was under the control of the defendants. Although she has not alleged the defendants' ownership of the door, there is authority in this state to support liability in negligence of an occupier of land who "`"maintains or controls, for his own convenience, an opening in an adjacent sidewalk, ... in failing to properly close the aperture."'" Oneker
v. Liggett Drug Co., 124 Conn. 83, 86. AlthoughOneker involved a situation in which the occupier was held liable for the negligence of employees of a company delivering goods to the occupier's premises, the importance of the elements of maintenance and control over the hatchway door by the abutting occupier in Oneker is equally applicable to the present case. This is not a situation where the plaintiff is seeking to hold the defendants liable in negligence for not maintaining a public sidewalk. Rather, she is alleging the negligence of the defendants in failing to maintain properly a hatchway door installed in connection with the use of the defendants' property and entering onto their property which hatchway was, when installed, and still is, located in the sidewalk.
 The demurrer is, therefore, overruled.