[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendants, Kaoud and Carpet Galleries, Ltd. filed a motion for summary judgment on the first, third, fourth and sixth counts of the complaint.
The plaintiff, Rosina Gambardella, allegedly sustained injuries as the result of a fall on a defective sidewalk in the town of Hamden on March 8, 1988. The plaintiff, James Gambardella, claimed a loss of consortium as a result of the injuries claimed by his wife. The defect alleged was that the sidewalk was "multi-angled uneven, cracked, and in a state of disrepair so that it rendered pedestrian traffic hazardous and dangerous." Those allegations give rise to a claim of maintaining a public nuisance as to the defendant, the town of Hamden.
The counts addressed by the motion for summary judgment allege that the defendants caused debris to accumulate on the walk and failed to inspect and remedy that accumulation and, further, that they violated section 96.04 of the Hamden Code of Ordinances. The defendants seek summary judgment on the grounds that no private cause of action can be maintained against them as abutting landowners for injuries sustained in a fall on a public sidewalk in the town of Hamden.
Under the common law, an abutting landowner ordinarily is under no duty to keep the public sidewalk in front of his property in a reasonably safe condition. Such a duty may, of course, be imposed by statute or ordinance. Where a statute or ordinance purports to create such liability, it must be stated in clear, express and unmistakable terms. See Willoughby v. New Haven,123 Conn. 446, 452 (1937); Jankowski v. Bridgeport, 34 Conn. Sup. 1, (Super.Ct., 1977); 39 Am.Jur.2d, Highways, Streets and Bridges, 367.
Section 96.04 of the Code of Ordinances of the Town of Hamden provides:
96.04 Maintenance.
The Owner, and every person, firm or CT Page 11275 corporation having the care of custody of any building or parcel of land bordering upon any highway or street in the town where there is any footway, sidewalk or curb, shall maintain such footway, sidewalk or curb in a safe and convenient condition for the use of the public and shall promptly repair all defects therein endangering or incommoding public travel upon the same, and shall promptly remove and correct any obstructions that maybe placed or found thereon. If the owner, person, firm or corporation having the care of custody of any such building or parcel of land shall fail to repair the defects after written order to do so, or fail to remove and correct the obstructions after written notice to do so, the legislative council, or its designated agent, may cause the repair or removal and correction to be performed, and the expense so incurred shall be a lien in favor of the town upon the property until paid and may be recovered in an action at law brought in the name of the town.
The statute clearly imposes a duty upon abutting landowners that ". . . is one owed to the city . . . the city ordinance cannot cast upon the property owner liability to a traveler upon the highway for failure to perform that duty. The defendant therefore cannot be held responsible on the ground of negligence arising from his failure to perform a duty owed to the plaintiff." Jankowski, supra at 4, quoting Stevens v. Neligon, 116 Conn. 307, 313 (1933).
"Abutting owners have only been held liable for injuries from defective sidewalks where under charter provision they were not only charged with the duty of keeping sidewalks in repair but also expressly made liable for injuries occasioned by defective condition thereof." Willoughby, supra, at 452.
The plaintiffs further argue that the defendants created a public nuisance which constitutes an exception to the general rule of non-liability contained in the town ordinance. A nuisance has been described as "a condition, the natural tendency of which is to create danger and inflict injury upon person or property." Dingwell v. Litchfield, 4 Conn. App. 621, 624 (1985). There are two classifications of nuisance recognized in Connecticut: public CT Page 11276 and private, Connecticut Law of Torts (2d Ed.), 130, Wright Fitzgerald. A public nuisance involves the violation of public rights, "that is, rights enjoyed by citizens as part of the public." Couture v. Board of Education, 6 Conn. App. 309, 314-15
(1986).
In order to establish a claim of public nuisance, it must be shown that:
1) the condition complained of had a natural tendency to create danger and inflict injury upon person or property;
2) the danger created was a continuing one;
3) the use of the land was unreasonable or unlawful; and
4) the existence of the nuisance was the proximate cause of the injuries and damages alleged.
See, Tomasso Bros., Inc. v. October Twenty-Four, Inc.,221 Conn. 194, 197 (1992), quoting Filisko v. Bridgeport Hydraulic Co.,176 Conn. 33, 35-36 (1978). Where a public nuisance is alleged, the plaintiff has the additional burden of proving "that the condition or conduct complained of interfered with a right common to the general public." Doe v. Manheimer, 212 Conn. 748, 756 n. 4, (1989).
While the trier of fact must determine whether the plaintiff has met the burden of proving the claim of nuisance, Tomasso Bros., Inc. v. October Twenty-Four, Inc., supra, at 197, whether the elements necessary to assert a claim of public nuisance are alleged in the complaint is a question of law.
Counts two and five of the amended revised complaint allege that "the aforesaid defective condition of defendants' front sidewalk had existed for an unreasonable length of time prior to plaintiff's fall and the same constituted a public nuisance." These allegations are legally insufficient to state a cause of action for public nuisance since no claim is made that these defendants created the alleged defect. Nor was this deficiency in the pleadings cured or addressed to counter the defendants' affidavits averring that they neither created any unsafe condition nor caused the public sidewalk to become uneven or in a state of disrepair. CT Page 11277
A motion for summary judgment shall be granted "`if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Connell v. Colwell, 214 Conn. 242, 246 (1990), quoting Zichichi v. Middlesex Memorial Hospital, 204 Conn. 399, 402 (1987). A material fact is simply a fact which will make a difference in the result of the case. Genco v. Connecticut Light and Power Co., 7 Conn. App. 164,167 (1986). The burden of proof is on the moving party. State v. Goggin, 208 Conn. 606, 616 (1988).
The facts presented in support of a motion for summary judgement must be viewed in the light most favorable to the party opposing the motion. State v. Goggin, Id.
"To satisfy his burden, the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Fogarty v. Rashaw, 193 Conn. 442, 445 (1984), quoting Dougherty v. Graham, 161 Conn. 248, 250 (1971). Issue finding, rather than issue determination, is the key to the procedure. Yanow v. Teal Industries, Inc., 178 Conn. 262, 269 (1979).
The pleadings contained in counts one, three, four and six fail, in their entirety, to meet the measure of issue finding underlying our fact pleading practice. Accordingly, the defendants' motion for summary judgment is granted.
BY THE COURT
LEANDER C. GRAY, JUDGE