[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
Defendant Errol G. Newland moves for summary judgment on the ground the pleadings show he cannot be liable for injuries sustained by plaintiff Jessenia Bonilla when she tripped and fell on the broken and uneven pavement of a city sidewalk that abutted Newland's property. Plaintiffs oppose the motion. They claim Newland is liable under General Statutes § 13a-149, which places responsibility for injuries caused by highway defects on the party "bound to keep [highways] in repair." Newland is liable, according to the plaintiffs, because a city ordinance requires persons who are the owners of land adjacent to sidewalks to keep the sidewalks in repair. For the reasons stated below, the court concludes the city ordinance does not make abutting property owners liable for injuries cause by defects in public sidewalks.
In arguing the merits of the motion for summary judgment, the parties have assumed the material facts are as alleged by the plaintiffs in their complaint. In effect, the parties are treating CT Page 9480 the motion for summary judgment as a motion to strike. See Practice Book § 152(1).
Jessenia is a minor. She and her grandparent, Ramonita Martorony, have sued the City of Bridgeport and Newland. In the third count of their complaint, they seek compensation from Newland for Jessenia's injuries. They allege Jessenia's injuries were cause by the negligence of Newland in that he failed to do one or more of the following things: maintain the sidewalk, inspect the sidewalk, remove broken and uneven pavement, warn persons of the dangerous condition, or repair the broken and uneven portions of the sidewalk. They further allege that these omissions were in violation of a local ordinance. In the fourth count, the grandparent seeks compensation from Newland for past and future medical expenses.
The plaintiffs contend Newland may be held liable under General Statutes § 13a-149, which provides, in part, that "any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair." Section 12.16.150 of the Bridgeport Code places upon persons who own land adjacent to sidewalks the burden to "repair all defects and remove all obstructions in any way endangering the public travel upon the same." The plaintiffs argue that the city, by enacting the ordinance, has made abutting land owners liable under § 13a-149 for injuries caused by defective conditions in public sidewalks within the city.
Defendant Newland contends that the city is the person who is "the party bound," as the phrase is used in General Statute §13a-149, to keep highways in repair. Newland points out that no statute specifically authorizes a municipality to impose liability on property owners for highway or sidewalk defects except §7-163a(c), which pertains to injuries caused by the presence of ice and snow on public sidewalks. Because no statute expressly makes an adjoining or abutting landowner liable for sidewalk defects, other than those based on the presence of ice or snow, Newland claims the plaintiffs cannot establish he is liable in negligence for their injuries and losses.
A town is liable for damages for injuries suffered as a result of a defective sidewalk within the boundaries of a highway.Hornyak v. Fairfield, 135 Conn. 619 (1949). "[T]his obligation . . . is in no degree affected by the consideration that it has the power to order the construction or repair of sidewalks to be made CT Page 9481 by the adjoining proprietors, and in case of their non-compliance with such order to collect from them the expense of such construction or repair." Manchester v. City of Hartford, 30 Conn. 118,121 (1861). "The maintenance of highways in a reasonably safe condition for the legitimate use of the traveling public is a governmental duty. That duty belongs to towns, unless imposed in exceptional cases upon some particular person." Lavigne v. NewHaven, 75 Conn. 693, 55 A. 569 (1903).
Section 13a-149 of the General Statutes allows a person injured by means of a defective highway to recover "from the party bound to keep it in repair." Section 13a-99 imposes on towns the duty to repair highways that are within their respective limits "except when such duty belongs to some particular person. . . ." This latter statute is based on language used in special orders of the General Court in 1672. See Lavigne v. New Haven, supra at 695. The qualifying phrase "except when such duty belongs to some particular person," which tracts statutory language first used in 1902, refers to the imposition of maintenance "by particular statutes, specifically imposed upon some particular persons in respect to particular highways and portions of highways." Id.
at 697. Defendant Newland cannot be liable under § 13a-149 for the injury sustained by Jessenia unless he is a "particular person," as the phrase is used in § 13a-99, who has the primary duty to maintain the sidewalk. He is not. The plaintiffs have not cited any statute that imposes on abutting owners the primary duty to repair or maintain public sidewalks, excepting the duty to remove snow and ice.
The city's authority to enact the ordinance on which the plaintiffs rely is derived from General Statute § 7-148
(c)(6)(c)(v).[1] This statute does not give municipalities the power to make abutting property owners liable to persons who are injured as a result of sidewalk defects. In 1981, the legislature specifically enabled municipalities to make abutting owners liable to persons who are injured as a consequence of a failure to remove snow or ice. The public act, 1981 Public Act 81-340, which is now codified as General Statute § 7-163a, is not implicated in this case. Section 7-148 (c) of the General Statutes, on the other hand, cannot reasonably be interpreted as giving municipalities the power to make abutting property owners liable to persons who are injured as a consequence of a failure to maintain a city sidewalk. See,Kuchinsky v. City of Ansonia, Superior Court, Judicial District of Ansonia/Milford at Milford, Docket No. 031697 (November 7, 1991, Sequino, J.).[2]
CT Page 9482
Abutting owners are not liable in negligence to travelers for injuries resulting from the failure to comply with a statute or ordinance that imposes a duty to maintain, repair or clear debris from sidewalks unless a statute or charter expressly makes the owner liable for injuries caused by the defect. Willoughby v. NewHaven, 123 Conn. 446, 453-54 (1937). If a duty to maintain a public sidewalk is imposed by ordinance on an abutting owner, the duty is owed to the municipality, which may collect from the abutting owner the costs of repair. See, State v. McMahon,76 Conn. 97 (1903) Such ordinances do not create a duty of care that is owed to travelers. The Bridgeport ordinance does not make abutting owners liable in negligence. Jankowski v. Bridgeport,34 Conn. Sup. 1, 3-4 (1977) (same ordinance; same issue).[3]
The motion for summary judgment is granted.
THIM, JUDGE