[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Dated July 22, 1997
In this action, plaintiff Sarah Capello claims injuries alleged to have been caused by a fall which occurred in defendant Town of Hamden. Said fall took place on a sidewalk abutting property owned by defendant Carlton Associates.
Defendant Carlton Associates now moves to strike that count of the complaint pertaining to all allegations claiming either negligence or liability against Carlton for failing to state a claim.[1]
This is not a case of first impression. The issue raised herein was discussed definitively many years ago in Willoughby v.New Haven, 123 Conn. 446, 197 A. 85 (1937).
Defendant Carlton, in proper reliance upon Willoughby, notes the long held principle that in an action for common law negligence there is no liability upon an abutting property owner for injuries resulting from the effects of natural causes upon streets or sidewalks. Id. 451. Even when a municipal ordinance requires that an abutting owner or lessee maintain the sidewalk there is no liability to one injured by a defect. The ordinance of the Town of Hamden, Sec. 96.04 reads as follows:
§ 96.04 MAINTENANCE.
 The owner, and every person, firm or corporation having the care or custody of any building or parcel of land bordering upon any highway or street in the town where there is any footway, sidewalk or curb, shall maintain such footway, sidewalk or curb in a safe and convenient condition for the use of the public and shall promptly repair all defects therein endangering or incommoding public travel upon the same, and shall promptly remove and correct any obstructions that may be placed or found thereon. If the owner, person, firm or corporation having the care or custody of any such building or parcel of land shall fail to repair the defects after written order to do so, or fail to remove and correct the obstructions after written notice to CT Page 7527 do so, the legislative council, or its designated agent, may cause the repair or removal and correction to be performed, and the expense so incurred shall be a lien in favor of the town upon the property until paid and may be recovered in an action at law brought in the name of the town. (Adopted 4-24-68)
Willoughby will not impose liability unless the ordinance specifically states such an intention. Id. at 454. There is no attempt to place liability upon an abutting owner in the Hamden ordinance.
Absent a specific intent on the part of a municipality to transfer liability to a landowner, the only path to establishing an abutter's liability is to state a claim for ". . . negligence or public nuisance for injuries resulting from an unsafe condition of a public sidewalk caused by positive acts of thedefendant." Gambardella v. Kaoud, 38 Conn. App. 355, 358 (1995) (emphasis added), citing Perkins v. Weibel, 132 Conn. 50, 52,42 A.2d 360 (1945) (public nuisance); Hanlon v. Waterbury,108 Conn. 197, 200, 142 A.2d 681 (1928) (negligence); see also Jankowski v.Bridgeport, 34 Conn. Sup 1 (1977). In Gambardella, the plaintiffs conceded that defendants ". . . had no duty to the plaintiffs to maintain the sidewalk in a safe condition, and that the ordinance does not impose such a duty." Id. 358. The issue on appeal inGambardella was whether the court had erred in granting summary judgment. The appellate court found there was a genuine issue of material fact on the question of negligence or public nuisance. Plaintiffs had alleged that the ". . . defendants caused and/or did allow sand, sticks, and debris to accumulate on said walkway, thereby covering and concealing from view the cracked surface thereof. . . ." Id. 359. The complaint went on to allege with much particularity the circumstances surrounding the unsafe condition. Id. 359 fn. 4. Insofar as plaintiff had met the standard for pleading a positive act, and as the issue of whether the defendant's positive act created a dangerous condition is a question of fact, summary judgment could not lie.[2]
In the present case, plaintiff alleges that defendant Carlton caused and/or allowed weeds and grass to grow through the sidewalk causing a dangerous condition. These allegations do not approach the type of positive act necessary to state a claim for nuisance or negligence. The nature of the positive acts necessary to set forth a claim are discussed at length in Jankowski v.Bridgeport, supra. Jankowski, for example, involved an improperly CT Page 7528 fitted hatchway door in defendant's control. Case law is clear on this point. The abutter must take a positive act to place a hazard in that portion of the sidewalk under his control.
The plaintiff has failed to set forth any claim against defendant Carlton cognizable under applicable law. Accordingly, defendant Carlton's motion to strike is hereby granted.
DUNNELL, J.