[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONRE: MOTION FOR SUMMARY JUDGMENT
Defendant Cortigiano Auto Services, LLC, moves for summary judgment. For the reason stated below, the motion is denied.
Plaintiff Catherine Newton was injured when she fell on a public sidewalk in the City of Bridgeport. The plaintiff alleges "that the area was uneven, raised, of varying heights, had potholes and in a state of disrepair so that it rendered pedestrian traffic hazardous and dangerous." The defendant, who owns the property that abuts the sidewalk, moves for judgment on the ground "the plaintiff's cause of action rests with the City of Bridgeport and not this defendant." For the reason stated below, the motion is denied.
The defendant correctly asserts that its ownership of the property adjacent to the sidewalk does not impose on the defendant a duty to keep the public sidewalk in a reasonably safe condition for travelers like the plaintiff. Wilson v. New Haven,213 Conn. 277, 280 (1989); Jankowski v. Bridgeport,34 Conn. Sup. 1 (1977); Agosto v. Bridgeport, judicial district of Fairfield at Bridgeport, CV 89-25 66 08 (Flynn, J., Dec. 18, 1990). The legal relationship between the parties is not changed by the presumption the defendant, as the owner of the land abutting the sidewalk, is the owner of the fee of the land. The relationship is not changed by the facts the defendant sanded the sidewalk and removed snow from the sidewalk.
The plaintiff claims that the defendant "created the defect." She states in an affidavit that the defendant used the sidewalk as part of a driveway and that, through this use, created the condition that caused the plaintiff to fall. "If an abutting owner, a contractor or any person by his act made a dangerous hole in a sidewalk he would have committed a nuisance for which CT Page 3950 he would be responsible in damages for injury resulting from his act." Hanlon v. Waterbury, 108 Conn. 197, 200 (1928). Construing the plaintiff's affidavit most liberally in the plaintiff's favor, the court concludes there is an issue of fact on this issue, i.e. the creation of a public nuisance. While the plaintiff has not clearly plead the creation of a public nuisance, the court will infer such an intent since the adequacy of the plaintiff's complaint is being tested by way of a motion for summary judgment. The defendant will have the opportunity to challenge the nuisance theory in view of the fact the plaintiff has filed a motion to amend her complaint.
The motion for summary judgment is denied.
THIM, JUDGE