[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT DATED FEBRUARY 3, 1998 (#127)
On September 22, 1993, Mary Jane McMahon fell while walking on the public sidewalk which fronted property owned and occupied by Pirelli Armstrong Tire Corporation. McMahon filed a two count complaint on February 8, 1995, against Pirelli and the City of New Haven. In the second count of the complaint, McMahon alleges that her fall was caused by the sidewalk's defective and dangerous condition, and that Pirelli negligently created and/or maintained the sidewalk in this condition.
On February 5, 1998, Pirelli filed a motion for summary judgment together with a memorandum of law and an affidavit in support of its motion for summary judgment. McMahon has failed to file any affidavits, memoranda or other documentary evidence in opposition to Pirelli's motion for summary judgment.
A motion for summary judgment shall be granted "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 384, now Practice Book (1998 Rev.) § 17-49. "Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with evidence disclosing the existence of such an issue." (Internal quotation marks omitted.) Bruttomesso v. NortheasternConn. Sexual Assault Crisis Services, Inc., 242 Conn. 1, 5-6,698 A.2d 795 (1997). Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v.United Technologies Corp., 233 Conn. 732, 751, 660 A.2d 810
(1995). "The issue of whether a defendant owes a duty of care is an appropriate matter for summary judgment because the question is one of law." Pion v. Southern New England Telephone Co.,44 Conn. App. 657, 660, 691 A.2d 1107 (1997). CT Page 6675
McMahon alleges that the sidewalk's defective and dangerous condition was caused by Pirelli's negligence in one or more of the following ways: that Pirelli maintained, possessed and controlled the sidewalk in a state of disrepair; that Pirelli failed to warn McMahon of the dangerous, defective and hazardous condition of the sidewalk; and/or that Pirelli created and maintained the sidewalk in a dangerous, defective and hazardous condition.
Pirelli moves for summary judgment on the grounds that it owes no duty to McMahon, and that it did not create the sidewalk's defective and dangerous condition. Therefore, Pirelli argues that it is entitled to judgment as a matter of law.
"An abutting landowner, in the absence of statute or ordinance, ordinarily is under no duty to keep the public sidewalk in front of his property in a reasonably safe condition for travel."Wilson v. New Haven, 213 Conn. 277, 280, 567 A.2d 829 (1989). See also Willoughby v. New Haven, 123 Conn. 446, 451, 197 A. 85
(1937) (stating that "it is the sole duty of the municipality to keep its streets in reasonably safe condition for travel, and not the duty of private persons"); Jankowski v. Bridgeport,34 Conn. Sup. 1, 3, 373 A.2d 1 (1977) (stating that "in the absence of a statute or ordinance to the contrary, the owner or occupier of land abutting a public sidewalk does not, solely by virtue of being an abutter, owe a duty to the public to keep the sidewalk in a safe condition"). An abutting landowner, however, would be liable in the "situation where a hazardous condition was created by the abutting landowner." Wilson v. New Haven, supra,213 Conn. 281. See also Hanlon v. Waterbury, 108 Conn. 197, 200, 142 A. 681
(1928) (stating that "[i]f an abutting owner . . . by his act made a dangerous hole in a sidewalk he would have committed a nuisance for which he would be responsible in damages for injury resulting from his act").
In support of its motion for summary judgment, Pirelli submitted the affidavit of James R. Curtin, Pirelli's Risk Management Manager. The Curtin affidavit provides that: "At no time prior to plaintiff's alleged fall did Pirelli damage or impair any portion of the public sidewalk abutting its property. . . . Pirelli did not create or cause the rise between the cement slabs on the public sidewalk abutting its property, where [McMahon] allegedly fell and was injured." (¶¶ 5-6.)
According to Connecticut law, Pirelli, an abutting landowner, CT Page 6676 owes no duty to McMahon to keep the public sidewalk fronting its property in a reasonably safe condition. Additionally, Pirelli has provided uncontroverted evidence which indicates that it did not create the sidewalk's defective and dangerous condition. McMahon did allege in her complaint that Pirelli created the sidewalk's defective and dangerous condition, but she failed to submit documentary evidence which would establish the existence of a genuine issue of material fact as to this issue. A mere allegation such as this one is insufficient to create a genuine issue of material fact. See New Milford Savings Bank v. Roina,38 Conn. App. 240, 245, 659 A.2d 1226, cert. denied, 235 Conn. 915
(1995) (stating that "unadmitted allegations in the pleadings do not constitute proof of the existence of a genuine issue as to any material fact on a motion for summary judgment").
Therefore, in the absence of a disputed question of fact as to whether Pirelli created the sidewalk's defective and dangerous condition, Pirelli owed no duty to McMahon to keep the sidewalk in a reasonably safe condition for travel.
There remains no genuine issues of material fact and, furthermore, that Pirelli is entitled to judgment as a matter of law. Therefore, Pirelli's motion for summary judgment is granted.
John W. Moran Judge of the Superior Court