[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGEMENT #115
The defendant, City of Bridgeport (city), moves for summary judgment in this defective highway action on the basis that it owes no duty to the plaintiff for the maintenance of the sidewalk on which she fell. The city moves on the ground that there are no issues of fact and that it is entitled to judgment as a matter of law because the duty to repair the sidewalk belongs to other entities. The city contends that the state has the duty to maintain the sidewalk because it is adjacent to a state highway. In the alternative, the city argues that the abutting landowners owe the duty pursuant to a local ordinance. Because the city cannot prove as a matter of law that either the state or the abutting owners owe a duty to maintain the sidewalk, the city's arguments fail.
The city has submitted evidence indicating that the sidewalk in question is adjacent to a street which was taken over as a state highway. (Memorandum in Support of Motion for Summary Judgment, Ex.s A, B.) The city contends that, as a result, the state owed the duty to maintain the sidewalk and the city cannot be liable. The plaintiff argues that there is a distinction between the duty to maintain the state highway and the duty to maintain a sidewalk along the highway.
In Moleske v. MacDonald, 109 Conn. 336, 146 A.2d 820 (1929), the court considered the highway defect law and concluded that it was not intended to "interfere with or modify the obligations of towns for any roads or other avenues of travel, which are of only local concern. Sidewalks are of this character." Id., 341. "Moleske v. MacDonald remains the law today." Gould v. Hartford,44 Conn. Sup. 389, 395, 691 A.2d 35 (1995). See also Hornvak v.CT Page 9522Fairfield, 135 Conn. 619, 622, 67 A.2d 562 (1949) (although determination of liability between state and town for defective sidewalks is not without difficulty, Moleske is correct and will not be overruled). Furthermore, in Tucker v. Argraves,148 Conn. 355, 170 A.2d 895 (1961), the court held that ordinarily the "duty to keep in repair is imposed on the [state highway] commissioner with respect to the vehicular portion of a trunk-line highway but not with respect to a sidewalk, even though it lies within the limits of a trunk-line highway." Id., 358. "[W]here the state takes over an existing street or highway as a state road, it assumes the responsibility for its use and maintenance for all purposes incident to vehicular traffic, and it leaves undisturbed the existing responsibility of the municipalities for sidewalks and the like." (Internal quotation marks omitted.) Id., 358-59.
More recently, several superior courts have followed Moleske
in concluding that the state has no duty to repair sidewalks adjacent to state highways. For instance, the court in MacArthurv. Town of Suffield, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 522353 (July 29, 1994, Sheldon, J.), stated: "Under longstanding Connecticut case law, such a duty [of the commissioner] does not extend to every sidewalk which is constructed within the boundaries of the State highway system, but only to those sidewalks or portions thereof over which the State has assumed control." The court reasoned that "[t]he State's responsibility to maintain roads within the State highway system is based upon its overriding interest in promoting and facilitating the safe, efficient movement of vehicular traffic from town to town throughout the State. . . . When, by contrast, a town builds a sidewalk, its quite different purpose is to serve the needs of local residents by affording them a safe pedestrian thoroughfare on which to move about town." Id. See also Gould v. Hartford, supra, 44 Conn. Sup. 395;Cartwright v. Frankel, Superior Court, judicial district of Windham, Docket No. 048749 (March 19, 1996, Sferrazza, J.) (16 Conn. L. Rtpr. 322); Lipwich v. Frankel, Superior Court, judicial district of New Haven, Docket No. 345017 (November 14, 1995, Thompson, J.), affld, 44 Conn. App. 651, cert. denied,241 Conn. 907 (1997); Mascaro v. Lathrop, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 530007 (June 13, 1994, Hennessey, J.).
Thus, the state does not ordinarily have the duty to repair sidewalks, even when they fall within the state highway system. CT Page 9523 "Significantly, the legislature has underlined the correctness of this approach by specifically designating a limited number of sidewalks that are to be maintained by the commissioner." Gouldv. Hartford, supra, 44 Conn. Sup. 395. The sidewalk in question is not alleged to fall under any of these exceptions. (See id. and Complaint, Count Two.) Therefore, the city has failed to show, as a matter of law, that the duty to maintain the sidewalk is held by the state, thus precluding any municipal duty.
"An abutting landowner, in the absence of statute or ordinance, ordinarily is under no duty to keep the public sidewalk in front of his property in a reasonably safe condition for travel." Wilson v. New Haven, 213 Conn. 277, 280,567 A.2d 829 (1989). Here, the city argues that the city charter, chapter 11, sections 16-19,[1] and city ordinances, sections 12.16.150 and 12.16.160,[2] have shifted liability for maintaining sidewalks to the abutting landowner. The plaintiff contends that the city has no authority to shift the liability to abutting landowners.[3] While the city ordinance provides that the abutting landowners shall keep the sidewalk in safe condition and repair defects, it does not make the abutting landowners liable to the passerby for failure to do so.
"Abutting owners have only been held liable for injuries from defective sidewalks where under charter provisions they were not only charged with the duty of keeping sidewalks in repair but also expressly made liable for injuries occasioned by defective condition thereof." (Emphasis added.) Willoughby v. New Haven,123 Conn. 446, 454, 197 A. 85 (1937).[4] "Even where the property owner fails to comply with the provisions of such an ordinance to keep the sidewalk in a safe condition that alone is not sufficient to make the owner liable for injuries sustained by his or her failure to perform that duty. The abutting property owner's duty under such an ordinance . . . is one owed to the city . . . the ordinance cannot cast upon the property owner liability to a traveler upon the highway for failure to perform that duty." (Internal quotation marks omitted.) Svorka v. Town of Greenwich, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 109738 (November 3, 1995, Lewis, J.).
"Even when a municipal ordinance requires that an abutting owner or lessee maintain the sidewalk there is no liability to one injured by a defect. . . . Willoughby will not impose liability unless the ordinance specifically states such an intention." Capello v. Town of Hamden, Superior Court, judicial CT Page 9524 district of New Haven at Meriden, Docket No. 255456 (July 22, 1997, Dunnell, J.) (20 Conn. L. Rptr. 157). "`Where the intent is to transfer liability from the municipality to another there is no difficulty in expressing it in unmistakable terms . . . .'"DeFilippis v. Brezovsky, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 153378 (September 8, 1997, Lewis, J.), quoting Willoughby v. New Haven, supra,123 Conn. 451.
Here, the ordinance and city charter do not specifically provide that liability for failing to maintain sidewalks has been shifted to the abutting landowner. See footnotes 1, 2, supra. "Because the Bridgeport Ordinance which shifts sidewalk maintenance responsibility to the abutting landowners does not specify that any liability shall attach to the noncomplying landowner beyond reimbursement of the city for any expense required to be made in the event of the landowners default, no private right of action is created and the plaintiffs have no negligence action against the property owners." Agosto v. City ofBridgeport, Superior Court, judicial district of Fairfield at Bridgeport, Docket 256608 (December 18, 1990, Flynn, J.) (discussing ordinance at section 27-25, now 12.16.150, of the Bridgeport Code).
Moreover, there is no authority for municipalities to shift their liability for defective sidewalks to abutting landowners outside the context of ice and snow removal. The city argues that it has properly shifted liability to the abutting owners pursuant to authority granted by General Statutes § 7-148. The court believes that the statutory provisions relied upon by the city do not support the city's contention. Section 7-148 (c)(6)(C)(ii) gives municipalities the power to "[c]reate, provide for, construct, regulate and maintain all things in the nature of public works and improvements." Section 7-148 (c)(7)(H)(xii) gives municipalities the power to "[r]egulate the use of streets, sidewalks . . . for public and private uses."
"However, unlike § 7-163a, [§ 7-148] does not authorize a municipality to shift liability for injuries to adjacent landowners." Mahoney v. Mobil Oil Corp. , Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 568849 (December 4, 1997, Aurigemma, J.). General Statutes §7-163a provides that abutting landowners, not municipalities, shall be liable for ice and snow on public sidewalks except for the municipalities' affirmative acts. Furthermore, "the CT Page 9525 legislative history concerning the passage of Connecticut General Statutes § 7-163a . . . makes clear that in allowing municipalities to shift liability for snow and ice, the legislature specifically declined the opportunity to grant municipalities the power to shift liability for defects."Kuchinksy v. City of Ansonia, Superior Court, judicial district of Ansonia/Milford, Docket No. 031697 (November 7, 1991, Sequino, J.).
Moreover, two superior courts have already rejected the city's argument with regard to section 12.16.150. In Bonilla v.City of Bridgeport, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 331576 (November 4, 1996, Thim, J.) (18 Conn. L. Rptr. 130), the court determined that "[s]ection 7-148 (c) of the General Statutes . . . cannot reasonably be interpreted as giving municipalities the power to make abutting property owners liable to persons who are injured as a consequence of a failure to maintain a city sidewalk." Id., 131-32. The court further held that the "Bridgeport ordinance does not make abutting owners liable in negligence." Id., 132. See also Agosto v. City of Bridgeport, supra, Superior Court, Docket 256608 (discussing ordinance 27-25, now 12.16.150).
Thus, the city has failed to show that the abutting landowners are liable as a matter of law, thus obviating the city's liability.
Although not a ground for the motion, the city also argues that it is entitled to summary judgment because the fall took place on an area of sidewalk that "does not fall within the normal traveled part of the right of way." (Memorandum in Support of Summary Judgment, p. 14.) Even if the city were not liable for the defect due to its location, the city has failed to show that there is no issue of fact with regard to where the fall took place.
The plaintiff has alleged that she "was upon the sidewalk adjacent to the aforesaid 1368-70 East Main Street and was caused to trip and fall on a cut-off sign post protruding from the sidewalk." (Count Two, ¶ 2.) The city has not submitted any evidence regarding the location of the defect. Accordingly, a genuine issue of material fact exists with regard to the location of the defect, precluding the entry of summary judgment. Therefore, the defendant City's motion for summary judgement is denied. CT Page 9526
Skolnick, J.