[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGEMENT #119
The plaintiff, Stacy Barichko, filed a two-count revised complaint against the defendants, Bridgeport Hydraulic Company and Alfredo Soto, Ada Soto and Celia Soto ("The Sotos"). The plaintiff alleges that he was a pedestrian in the vicinity of 214 Palisade Avenue in Bridgeport when he stepped in a hole between the sidewalk and street, causing him to fall and suffer injuries. The plaintiff alleges in count one that it was the negligence of Bridgeport Hydraulic Company in maintaining a water meter and the adjacent area that caused his injuries. The plaintiff alleges in count two that the Sotos are the owners of the premises where he fell, and that they were negligent in failing to maintain the premises in a safe condition, in covering the hole with debris, in failing to warn the plaintiff of the hole and in failing to inspect-the premises to ensure its safety for passers-by.
The Sotos have filed a motion for summary judgment on the second count of the revised complaint on the ground that there is no genuine issue of material fact in dispute as they did not CT Page 10443 control or maintain the area where the plaintiff fell. The plaintiff objects to the Sotos' motion on the grounds that there are genuine issues of disputed fact concerning control and maintenance of the area where the plaintiff fell, and that as a matter of law, the Sotos, as owners of the premises, are required by ordinance to maintain the area where the plaintiff fell. The matter was heard by the court on August 24, 1998.
"Practice Book § 384 [now Practice Book (1998 Rev. § 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted.) Hertz Corp. v. Federal Ins. Co.,245 Conn. 374, 380-81, ___ A.2d ___ (1998).
"An abutting landowner, in the absence of statute or ordinance, ordinarily is under no duty to keep the public sidewalk in front of his property in a reasonably safe condition for travel." Wilson v. New Haven, 213 Conn. 277,280, 567 A.2d 829 (1989). "Abutting owners have only been held liable for injuries from defective sidewalks where under charter provisions they were not only charged with the duty of keeping sidewalks in repair but also expressly made liable for injuries occasioned by defective, condition thereof."Willoughby v. New Haven, 123 Conn. 446, 453-54, 197 A. 85
(1937).
A. Liability Under the Bridgeport Ordinance
"If a duty to maintain a public sidewalk is imposed by ordinance on an abutting owner, the duty is owed to the municipality, which may collect from the abutting owner the costs of repair. . . . Such ordinances do not create a duty of care that is owed to travelers. The Bridgeport ordinance does not make abutting owners liable in negligence." (Citations omitted.) Bonilla v. City Of Bridgeport, Superior Court, CT Page 10444 judicial district of Fairfield at Bridgeport, Docket No. 331576 (November 4, 1996, Thim, J.) (18 Conn. L. Rptr. 130, 132). Therefore, the Sotos are not liable to the plaintiff pursuant to the Bridgeport ordinance.
B. Defect Resulting From Positive Act of the Abutting Owner
In Wilson v. New Haven, supra, 213 Conn. 281-82, the court found that the plaintiff had not raised material issues of fact regarding the creation of a duty owed by the abutting landowner. "The plaintiff fell on a public sidewalk as a result of a condition that was not created by and was not within the control of the abutting landowner." Id., 282. "If the injury at issue . . . were alleged to have been caused by a defect in the sidewalk itself, a defect resulting from the negligence of these defendants in failing to maintain properly that sidewalk, the demurrer would have to be sustained. In that event, under some circumstances, the defendants might be held liable for creating a common-law nuisance, but not for negligence in failing to maintain or repair the sidewalk as provided by ordinance."Jankowski v. Bridgeport, 34 Conn. Sup. 1, 5, 373 A.2d 1 (1977).
The Sotos have filed affidavits indicating that they do not own, control or maintain the grassy area between the sidewalk and the curb in front of 214 Palisade Avenue. Also submitted by the Sotos is the affidavit of Robert H. Mansfield, a civil engineer and land surveyor, who avers that the area where the plaintiff allegedly fell is not within the property line of 214 Palisade Avenue. The plaintiff and his wife have filed an affidavit in support of their objection to the Sotos' motion for summary judgment, in which they aver that on many occasions they have seen people coming out of the Sotos' home to pick up litter and debris from the area where the plaintiff fell.
The contradictory affidavits of the Sotos and the plaintiff place genuine issues of material fact in dispute concerning the control and maintenance of the area where the plaintiff fell. Accordingly, the Soto's motion for summary judgment on count two of the plaintiff's revised complaint is denied.
THOMAS NADEAU, J.