[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (DOCKET ENTRY NO. 129)
The plaintiff, Lorraine Fecteau, filed a two-count complaint against the defendants, the city of Stratford (city) and Maria Walsh (Walsh). The plaintiff alleges in count one that on or about February 12, 1996, she was walking on a driveway at 736 E. Broadway, Stratford, Connecticut, when she fell due to the dangerous and defective condition of the driveway surface. The plaintiff further alleges that she fell due to the negligence of the city. The plaintiff alleges in count two that Walsh owned, controlled, possessed and/or maintained the area where the plaintiff fell. The plaintiff further alleges that she fell due to the negligence of Walsh.
Walsh has filed a motion for summary judgment on the ground that an abutting owner can only be found liable for a fall on a public sidewalk due to a defect on the property created by the owner. No opposition papers have been filed. The matter was heard by the court on October 26, 1998.
Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In CT Page 15330 deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. The party seeking summary judgment has the burden of showing the nonexistence of any material fact. Maffucci v. Royal ParkLimited Partnership, 243 Conn. 552, 554-55, 707 A.2d 15 (1998).
Walsh argues that as a general rule, an abutting landowner does not have a duty to maintain and/or repair a public driveway on her premises. Walsh also argues that the exception to the general rule, whereby an alleged defect in a public way is created by a positive act of the abutting owner, is not applicable here. In addition, Walsh argues that Stratford Town Code § 186.51[1] does not create a duty owed by an adjacent land owner to a passerby. Walsh contends that the ordinance does not impose civil liability on the adjacent property owner for injuries to passersby arising from a violation of the ordinance.
"An abutting landowner, in the absence of statute or ordinance, ordinarily is under no duty to keep the public sidewalk in front of his property in a reasonably safe condition for travel." Wilson v. New Haven, 213 Conn. 277, 280,567 A.2d 829 (1989). See also, Willoughby v. New Haven, 123 Conn. 446,454, 197 A. 85 (1937).
 A. Liability Under the Stratford Ordinance
Abutting owners are not liable in negligence to travelers for injuries resulting from the failure to comply with a statute or ordinance that imposes a duty to maintain, repair or clear debris from sidewalks unless a statute or charter expressly makes the owner liable for injuries caused by the defect. If a duty to maintain a public sidewalk is imposed by ordinance on an abutting owner, the duty is owed to the municipality, which may collect from the abutting owner the costs of repair. Bonilla v. City ofBridgeport, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 331576 (November 4, 1996, Thim, J.) (18 Conn. L. Rptr. 130, 132). Since the Stratford ordinance does not expressly make abutting owners liable in negligence, then Walsh would not be liable to the plaintiff pursuant to the Stratford ordinance.
 B. Common Law Negligence
In Wilson v. New Haven, 213 Conn. 277, 281-82, 567 A.2d 829
CT Page 15331
(1989), the Court found that the plaintiff had not raised material issues of fact regarding the creation of a duty owed by the abutting landowner. "The plaintiff fell on a public sidewalk as a result of a condition that was not created by and was not within the control of the abutting landowner." Id., 282.
Here, the plaintiff has alleged that the driveway maintained by Walsh was uneven, raised, of varying heights, in a state of disrepair, broken, cracked, and contained loose sand and gravel on the surface which rendered it unsafe. (Complaint, count two ¶ 2(a)). At her deposition, the plaintiff testified that she did not know who maintained the driveway. (Motion For Summary Judgment, Exhibit A, Deposition of Lorraine Fecteau, p. 21). The plaintiff also stated that the subject driveway had a lot of sand on it, which she attributed to the sand the city had placed on the roads throughout the winter which had made its way from the gutter to the driveway. (Deposition of Lorraine Fecteau, p. 43). The plaintiff estimated that the sand had been accumulating on the sidewalk for weeks before she slipped and fell. (Deposition of Lorraine Fecteau, p. 43).
Walsh avers that she is the owner of the subject property, but is not responsible for the maintenance or repair of the driveway. (Motion For Summary Judgment, Exhibit D, Affidavit of Maria Walsh ¶¶ 2, 4). Walsh avers that to her knowledge, the driveway is a public way controlled and maintained by the town. (Exhibit D, Affidavit of Maria Walsh, ¶ 5).
Control is a question of fact. Sanchez v. General UrbanCorp., Superior Court, judicial district of New Haven at New Haven, Docket No. 378774 (February 6, 1997, Lager, J.)
(19 Conn. L. Rptr. 97, 101). However, Walsh's affidavit does not establish whose responsibility it was to control and maintain the area where the plaintiff allegedly fell. Walsh's statements that she is not responsible for the maintenance and repair of the driveway and that, to the best of her knowledge, the town controlled the driveway do not conclusively resolve the issue as to who in fact controls and maintains the driveway. There is no question, however, that the allegedly dangerous condition was not created by a positive act undertaken by Walsh. Capello v. Town ofHamden, Superior Court, judicial district of New Haven at Meriden, Docket No. 255456 (July 22, 1997, Dunnell, J.) (20 Conn. L. Rptr. 157). Walsh avers that she has made no changes to the driveway. (Exhibit D, Affidavit of Maria Walsh, ¶ 3). The CT Page 15332 plaintiff even testified at her deposition that it was the city who placed the sand upon the roads. (Exhibit A, Deposition of Lorraine Fecteau, p. 43). Therefore, even if Walsh did have control of the area, the fact that the plaintiff's fall was not occasioned by some positive act undertaken by Walsh which created the defect precludes Walsh from being found liable in negligence as a matter of law. Mahoney v. Mobil Oil Corp., Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 568849 (December 4, 1997, Aurigemma, J.) (21 Conn. L. Rptr. 138, 139-140).
 CONCLUSION
Walsh cannot be found liable under the town ordinance since the ordinance does not expressly impose liability on abutting owners. Furthermore, Walsh cannot be held liable under the common law since the plaintiff's injuries were not the result of a defect in the sidewalk created through a positive act undertaken by Walsh. Accordingly, Walsh's motion for summary judgment should be and is hereby GRANTED.
MELVILLE, J.