[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO STRIKE
I FACTS
The plaintiff, Claudia Peters, has filed an amended complaint consisting of three counts against the defendant Peggy Castonguay and the City of Bristol, claiming that the defendants are liable for injuries sustained by the plaintiff as a result of her slipping and falling on an uneven portion of the sidewalk after having to walk around a trash bag left on the sidewalk by the individual defendant, the abutting landowner. The individual defendant landowner has filed a motion to strike the two counts relating to her: count two, which claims she exercised control of the portion of the sidewalk in question and is therefore legally liable for the plaintiff's injuries; and count three sounding in nuisance. The motion to strike argues that the plaintiff's second count of negligence cannot stand, as absent a statute or ordinance, liability for injuries caused by a sidewalk defect cannot be shifted from the municipality to an abutting property owner. The motion argues as to the third count that it too must be stricken as the allegations do not support a claim of nuisance. For the reasons set forth below the court denies the motion to strike both counts.
II LEGAL STANDARD
"The proper method to challenge the legal sufficiency of a complaint is to make a motion to strike prior to trial." Gulack v. Gulack,30 Conn. App. 305, 309, 620 A.2d 181 (1993). "Practice Book . . . §10-39, allows for a claim for relief to be stricken only if the relief sought could not be legally awarded." Pamela B. v. Ment, 244 Conn. 296,325, 709 A.2d 1089 (1998). The motion admits well-pleaded facts but does not admit any legal conclusions or the truth or accuracy of opinions stated in the pleadings. Alarm Applications Co. v. Simsbury VolunteerCT Page 16991Fire Co., 179 Conn. 541, 545, 427 A.2d 822 (1980), see also NorametrixMedical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25
(1992). In ruling on a motion to strike, the court is limited to the facts alleged in the pleadings at issue. King v. Board of Education,195 Conn. 90, 93, 486 A.2d 1111 (1985). "Conclusions of law, absent sufficient alleged facts to support them, are subject to a motion to strike." Fortini v. New England Log Homes, Inc., 4 Conn. App. 132,134-35, 492 A.2d 546, cert. dismissed, 197 Conn. 801, 495 A.2d 280
(1985). The court "construe[s] the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.)Eskin v. Castiglia, 253 Conn. 516, 523, 753 A.2d 927 (2000). "Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.)Lombard v. Edward J. Peters, Jr., P.C., 252 Conn. 623, 626, 749 A.2d 630
(2000).
III DISCUSSION
Generally, "[am abutting landowner, in the absence of statute or ordinance, ordinarily is under no duty to keep the public sidewalk in front of his property in a reasonably safe condition for travel." Wilsonv. New Haven, 213 Conn. 277, 280, 567 A.2d 829 (1989); see also Jankowskiv. Bridgeport, 34 Conn. Sup. 1, 3, 373 A.2d 1 (1977) ("in the absence of a statute or ordinance to the contrary, the owner or occupier of land abutting a public sidewalk does not, solely by virtue of being an abutter, owe a duty to the public to keep the sidewalk in a safe condition"). In this instance, the plaintiff's complaint contains no allegation that there is such a liability-shifting ordinance or statute which would achieve this result for abutting landowners in the City of Bristol.
There are, however, exceptions to the general rule above stated. InGambardella v. Kaoud, 38 Conn. App. 355, 358, 660 A.2d 877 (1995), the court noted "that abutting property owners can be held liable in negligence or public nuisance for injuries resulting from an unsafe condition of a public sidewalk caused by positive acts of the defendant, "citing Perkins v. Weibel, 132 Conn. 50, 52, 42 A.2d 360 (1945); Hanlonv. Waterbury, 108 Conn. 197, 108, 142 A. 681 (1928). Also some superior cases have permitted a cause of action for negligence against abutting landowners who engage in positive acts that cause a dangerous condition or nuisance upon a public sidewalk were permitted.[1] The issue is whether or not, in such an instance, there is a liability-shifting statute or ordinance in place, but whether or not the conduct of the abutting landowner was an affirmative positive act which created the defect that caused the plaintiff's injuries. Gambardella v. Kaoud,
supra, 38 Conn. App. 358. CT Page 16992
The individual defendant states that the plaintiff has alleged no such affirmative conduct, as she separates into two issues the creation of the uneven sidewalk and the placement of the garbage bag on the sidewalk. She claims that because the counts directed against her do not allege that the defective sidewalk condition, that is its unevenness, was created by her, she cannot, as a matter of law, be liable for the condition and its consequences. The plaintiff, in turn, in her opposition to the motion to strike, claims that the plaintiff's affirmative act in placing the garbage bag on the sidewalk, around which the plaintiff had to walk, caused the plaintiff to walk into the defective condition and caused her injuries.
In construing these facts liberally and broadly so as to sustain the sufficiency of this pleading, the court finds the facts alleged very similar to those alleged in Gambardella. In that case, the complaint contained allegations that the defendants permitted sand, sticks and debris to accumulate on the walkway, obscuring the cracked surface underneath. The court concluded that "This allegation is of a positive act of the defendants which, if proved at trial, could form the basis of the defendants' liability in negligence or public nuisance." Gambardellav. Kaoud, supra, 38 Conn. App. 359.
The court, based on the foregoing, finds the allegations of the complaint sufficient to survive a motion to strike and therefore denies the motion.
BY THE COURT
BARBARBA M. QUINN, Judge