[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT DATED JULY 3, 1996 (#126)
On November 30, 1993, the plaintiff, Shubert Performing Arts Center, Inc., filed a second revised two count complaint against the defendants, Boppers of New Haven, Inc. and Gorman Bechard. Shubert alleges that on approximately January 14, 1991, John Sliney fell while walking on the public sidewalk fronting property leased and occupied by Boppers and subleased by Bechard. At the time of his fall, Sliney was acting in the scope of his employment for Shubert. Shubert alleges negligence in the first count, and nuisance in the second count.
Boppers and Bechard move for summary judgment on the ground that Shubert's second revised complaint fails to state a claim upon which relief can be granted. They seek judgment as a matter of law, claiming that an abutting property owner or occupier has no duty to maintain a public sidewalk,[1] and that an abutting property owner or occupier must have possession and control of a public sidewalk in order to be liable for an injury caused by a sidewalk's defective condition.[2] Boppers and Bechard filed a memorandum of law together with two affidavits in support of their motion. On November 20, 1997, Shubert filed an objection to the motion for summary judgment with a memorandum of law.
A motion for summary judgment shall be granted "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 384, now Practice Book (1998 Rev.) § 17-49. "Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with evidence disclosing the existence of such an issue." (Internal quotation marks omitted.) Bruttomesso v. Northeastern Conn. Sexual AssaultCrisis Services, Inc., 242 Conn. 1, 5-6, 698 A.2d 795 (1997). Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. UnitedTechnologies Corp., 233 Conn. 732, 751, 660 A.2d 810 (1995).
 Count 1 (Negligence)
Shubert alleges that Boppers and Bechard were negligent and careless in that they caused, allowed or permitted ice to accumulate on the sidewalk, which made the sidewalk slippery and dangerous; they failed to remedy the slippery and dangerous CT Page 6660 condition; they failed to warn Sliney of the dangerous and defective condition of the sidewalk; they failed to make a reasonable and proper inspection of the sidewalk; and they failed to act as a reasonably prudent person would under the circumstances.
Boppers and Bechard move for summary judgment on the ground that an abutting property owner or occupier has no duty to maintain a public sidewalk.
"At common law there is no liability upon an abutting property owner for injuries resulting from the effects of natural causes upon streets or sidewalks such as the accumulation of snow or ice. . . . Therefore if the liability is or can be shifted from the municipality to the individual it must be accomplished by statutory or charter provision or by ordinance adequately authorized by such provision, and, being the creature of statute or such ordinance, it can be no greater than that specifically imposed thereby. Imposition upon abutting owners of a duty to clear walks of snow and ice, with a provision of a penalty by fine and costs for failure to do so or for clearing the same by the municipality and collection of the cost from the abutting owner, is not sufficient to render the individual, instead of the city, liable for injuries sustained by reason of snow or ice thereon." (Citations omitted; emphasis added.) Willoughby v. NewHaven, 123 Conn. 446, 451, 197 A. 85 (1937). Rather, "[a]butting owners have only been held liable for injuries from defective sidewalks where under charter provisions they were not only charged with the duty of keeping sidewalks in repair but also expressly made liable for injuries occasioned by defective condition thereof." Id., 454.
Although Shubert fails to allege the violation of any New Haven ordinances in count one, it claims in its opposition to summary judgment that, according to § 27-9 of the New Haven Code, the owner or occupier of property fronted by a public sidewalk is responsible for the removal or abatement of ice and snow[3], and failure to do so can result in a fine for each violation.[4] In addition, section 2-50(b) of the New Haven Code provides that "[t]he City of New Haven shall not be liable to any person injured in person or property caused by the presence of ice or snow on a public sidewalk unless the City of New Haven is the owner or person in possession and control of land abutting such sidewalk." Further, New Haven Code § 2-50(c)(1) provides that "[t]he owner or person in possession and control of land CT Page 6661 abutting a public sidewalk shall have the same duty of care with respect to the presence of ice or snow on such sidewalk toward the portion of the sidewalk abutting his property as the municipality had prior to the effective date of this section [Nov. 21, 1981] and shall be liable to persons injured in person or property where a breach of said duty is the proximate cause of said injury."
Accordingly, a property owner or occupier in the city of New Haven has a duty, pursuant to sections 2-50 and 27-9 of the New Haven Code, to the public to remove or abate the ice and snow on the public sidewalk fronting its property. Therefore, it is submitted that Boppers and Bechard owed a duty to Shubert to remove or abate the ice and snow on the sidewalk fronting their property, and that Boppers and Bechard are not entitled to judgment as a matter of law as to the first count.
 Count 2 (Public Nuisance)
Shubert further alleges that the sidewalk was inherently dangerous; that the creation, existence or maintenance of the sidewalk in an icy and dangerous condition was a nuisance: and that the nuisance was permitted to exist on the sidewalk by Boppers and Bechard for a long period of time in violation of § 27-9 of the New Haven Code.
Boppers and Bechard argue that an abutting property owner or occupier must have possession and control of a public sidewalk in order to be liable for an injury caused by a sidewalk's defective condition. Shubert does not allege liability based on possession and control of the sidewalk. Rather, Shubert alleges that Boppers and Bechard are liable for nuisance given their violation of §27-9 of the New Haven Code.
According to the law of nuisance, an abutting landowner will be liable for any injury incurred due to a dangerous condition created by him on a sidewalk. Hanlon v. Waterbury, 108 Conn. 197,200, 142 A. 681 (1928). See also Wilson v. New Haven,213 Conn. 277, 281, 567 A.2d 829 (1989) (stating that an abutting landowner would be liable in the "situation where a hazardous condition was created by the abutting landowner"). The issue of possession and control of the sidewalk does not arise in nuisance actions as it is irrelevant to the key issue of creation of the nuisance. SeeHanlon v. Waterbury, supra, 108 Conn. 200 (stating that, in nuisance cases, "responsibility for the nuisance is imposed upon CT Page 6662 the person creating or maintaining it").
In support of the motion for summary judgment, Boppers and Bechard submitted the affidavit of Quinton White, one of Boppers' managers at the time Sliney fell on the sidewalk. The White affidavit provides: "That on or about January 14, 1991 and for at least one year prior thereto, [Boppers] did not own the sidewalk in front of [Boppers] where it is alleged that [Sliney] fell, but rather that sidewalk in front of [Boppers] is a public sidewalk[; Boppers] did not in any way maintain, fix or otherwise repair the public sidewalk in front of [Boppers] where [Sliney] is alleged to have fallen[; and Boppers] did not fix, repair, upkeep or otherwise exercise any form of possession or control of the public sidewalk in front of [Boppers] where [Sliney] is alleged to have fallen." (¶¶ 4-6.) Boppers and Bechard also submitted the affidavit of Bechard, a manager of Boppers at the time Sliney fell on the public sidewalk, in support of the motion for summary judgment. The Bechard affidavit is identical to the White affidavit discussed above.
While Shubert did allege in its complaint that Boppers and Bechard created the sidewalk's defective and dangerous condition, it failed to submit documentary evidence which would establish the existence of a factual dispute. A mere allegation such as this one is insufficient to create a genuine issue of material fact. See New Milford Savings Bank v. Roina, 38 Conn. App. 240,245, 659 A.2d 1226, cert. denied, 235 Conn. 915 (1995) (stating that "unadmitted allegations in the pleadings do not constitute proof of the existence of a genuine issue as to any material fact on a motion for summary judgment"). Even so, the affidavits submitted by Boppers and Bechard simply deny the allegations found in the revised complaint. This is insufficient to establish the absence of a genuine issue of material fact. See Gambardellav. Kaoud, 38 Conn. App. 355, 358, 660 A.2d 877 (1995) (stating that "[i]t is not enough for the moving party merely to assert the absence of any disputed factual issue; the moving party is required to bring forward . . . evidentiary facts, or substantialevidence outside the pleadings to show the absence of any material dispute.") (Emphasis in original; internal quotation marks omitted.) Additionally, the affidavits fail to address whether Boppers and Bechard created the icy and dangerous condition alleged by Shubert to be a nuisance. The creation of the nuisance is a material fact given that liability depends upon whether Boppers and Bechard created the condition. Therefore, a genuine issue of material fact remains. CT Page 6663
Boppers and Bechard owed a duty to Shubert to remove or abate the ice and snow from the public sidewalk. Therefore, Boppers and Bechard are not entitled to judgment as a matter of law as to the first count.
A genuine issue of material fact remains with respect to the second count regarding whether Boppers and Bechard created the condition alleged to be a nuisance.
Accordingly, the motion for summary judgment is denied as to both counts.
John W. Moran Judge of the Superior Court