WILLIAM McKINSTER AND WIFE *vs*. WILLIAM R. SMITH.

A testator devised to S., who had lived for a long time in his family, certain rooms in his dwelling-house, with sundry privileges, so long as she should live and remain unmarried—the devise containing the following condition: "it being my will that the said S. shall not, by grant, gift, lease, or license, in any manner convey to any person or persons other than my heirs, any right or interest in the premises; and in such case this devise to be void." The remaining portion of the house he devised to his widow for life, expressing a desire that she should reside therein and that she should not be molested in the occupancy of it by any person claiming benefit from the will. All of his estate, except that devised to S., was given to his widow, children and grand-children, and with no restriction as to the right of alienation. Held, that the restriction as to alienation imposed upon the interest devised to S. was merely personal to her, and that an heir of the testator, to whom she had conveyed her interest, took it free from such restriction.

EJECTMENT. The facts were specially found by the superior court, and the case reserved for the advice of this court. The facts are sufficiently stated in the opinion of the court.

*Dutton* and *Warner*, for the plaintiffs.

*Barnes* and *Tyler*, for the defendant.

HINMAN, J. The plaintiffs claim title to the demanded premises under a quitclaim deed from Sally Pelton, whose title was under the will of Phineas Dean, devising the rooms to her for life, subject to certain restrictions contained in the devise, which is in these words: "Item: I give and bequeath unto Sally Pelton, who now resides and for a long time has resided in my family, the east front room in my said dwelling-house, with the bedroom adjoining to said front room, and the chamber directly over said front room, with the privilege to make use of the kitchen in said house, for washing, baking, cooking, and other necessary purposes, and free ingress and egress into and out of such room or rooms at all times to have; to draw water from the well attached to said house, and to take or cause to be taken from my farm sufficient fuel for the maintenance of one fire in either of the

said rooms, so long as she may need such fire. To have and to hold the said rooms, and the rights attached to the same as above specified, (she keeping the said rooms in good and sufficient repair, and contributing towards the necessary repair of said house, so long as she resides in the same, her equitable proportion,) unto her, the said Sally, so long as she may live and remain single and unmarried; it being my will that the said Sally should not, by grant, gift, lease or license, expressed or implied, by parol or in writing under seal, in any manner convey away, transfer, or make over to any person or persons other than to my heirs, any right, title or interest in or to the whole or any part of this bequest, and in such case this bequest to be null and void."

The deed of Sally Pelton was to Harriet McKinster, her husband only claiming in right of his wife, and as she is a daughter, and therefore an heir at law, of Phineas Dean, it is obvious from the terms of the will itself, that the conveyance was good to transfer to her the title, whatever it was, which Sally took under the will. And as her title under the will thus became vested in the plaintiffs, it is clear that they have an undoubted right to the rooms, unless they have forfeited their right by something which has since transpired. Thus far no serious question is made; but it is said that the plaintiffs have rented the rooms to persons not heirs at law of the deceased testator, and have not occupied them personally; and thereupon it is claimed, that the terms of the will, making null and void the devise to Sally Pelton if she by grant, gift, lease or license, expressed or implied, by parol, or in writing under seal, in any manner conveyed away her interest to any person other than an heir at law of the testator, apply as well to her grantees as to her, although such grantees are heirs—it being claimed that they alone are authorized to take and hold the property, and can not in any mode transfer it, or any interest in it, to others who are not also heirs of the testator. This claim is of course founded upon the idea that such was the intention of the testator, as expressed in his will; because such a restriction upon the right of alienation will not be inferred, unless from clear and defi-

nite language, which is not fairly susceptible of any other construction. But we find no such language, nor indeed any language calculated to raise a doubt on the question. There is no reason to suppose that he intended to restrict the title of his heirs, should the rooms be transferred to them or any of them, as he restricted her title. There was no reason for any such restriction applicable to the heirs. It was said his object was to prevent any stranger from being introduced into his dwelling-house to the annoyance of his widow, to whom he gave the residue of his dwelling-house, during her natural life, with a desire expressed that she should reside therein, and that she should not be molested by any person claiming benefit from the will. But he makes no limitation of the restriction upon Sally Pelton's title to the life of his widow, as he doubtless would have done had his only object been to protect her from the annoyance of strangers. In looking through the will we find that this is the only instance in which he has imposed any such restriction upon the title of any other legatee or devisee. Now his estate was all given to his widow and to his children, except this portion given to Sally Pelton. While therefore he was willing that his children and heirs should take their portions free from any such restriction, he was undoubtedly unwilling that Sally Pelton should possess the power of introducing strangers into his dwelling-house, whether the other portion of it was occupied by his widow during her life, or by his children after her decease. He probably anticipated that his house would remain in the possession of some member of his family, and the restriction seems to have been introduced as much for the benefit of his heirs, who would take the property on the death of his widow, as for her benefit during her life. He made this provision for Sally Pelton because, as he says, she had long been a member of his family. He obviously only intended to provide her with a home so long only as she would need one. Hence he limits her right to so long a time as she might remain unmarried. There is nothing to indicate that he had any objection to her marriage; but rather that, as by marriage she would be provided with a

home and would no longer need the shelter of his house, and as he did not wish strangers to be introduced there to the annoyance of any persons who would probably possess it, he thought it best to provide that her title should then cease. Nor had he any objection that his widow, or such of his heirs as were then unmarried, should marry; for he makes no intimation on the subject in any provision he made for them. Besides, the restriction in respect to marriage was inapplicable to two of his daughters, who, it appears from the will, were then married. We think, therefore, from the will itself, that it was the intention of the testator that the restraint upon Sally Pelton's title should be removed on an assignment of it to an heir of the testator, and consequently that the estate in the plaintiffs' hands is not forfeited by reason of its having been leased to persons who are not heirs. This renders it unnecessary to consider the questions made in respect to the effect of restrictions in restraint of marriage and of alienation, like those contained in this devise, as well as the point in respect to the title of Mrs. McKinster, as an heir of the testator, even upon the supposition that her estate under the deed had been forfeited. We therefore advise the superior court that upon the facts found the plaintiffs are entitled to judgment.

In this opinion the other judges concurred.

Judgment for plaintiffs advised.