MARTIN J. HANLON vs. THE CITY OF WATERBURY ET AL.

Third Judicial District, New Haven, June Term, 1928.

WHEELER, C. J., MALTBIE, HINMAN, BANKS and JOHN RICHARDS BOOTH, Js.

Argued June 8th—decided July 16th, 1928.

*Herman J. Weisman,* for the appellant (plaintiff).

*Francis T. Reeves,* for the appellee (defendant The Hotchkiss Company).

WHEELER, C. J. The appeal as to the city of Waterbury has been withdrawn. The jury might reasonably have found proven these facts: The defendant Hotchkiss Company, through its agent, Miller, in charge, was operating an automobile accessory store on Brooks Street in the center of Waterbury and had a gasoline pump on its premises outside the store and within four inches of the tar sidewalk in front of these premises. The employees of this company were accustomed to help themselves to gasoline, and occasionally old customers did this with the knowledge of Miller and without objection or protest from him. One Hotchkiss, the president of the company, and Miller knew that gaso-

line spilled from this pump upon the sidewalk would, before it had evaporated, render the sidewalk unsafe for travelers upon it, and Hotchkiss had said to Miller that they must be careful about this. Gasoline, not infrequently, had been spilled upon this sidewalk and upon these occasions Miller had spread dirt or sand over it to prevent travelers from slipping upon the walk. On May 23d, 1925, Miller came to the store about 6:45 a. m., unlocked the gasoline pump and entered the store. At about 7 o'clock a. m. Farrell, an old customer of the company, without securing permission, took gasoline from the pump; while doing this he spilled some through upsetting the receptable into which the gas was being put with the aid of a hose. He refilled his receptacle and again spilled some of it on the walk. He then called to Miller who came to the door of the store and told him that he had spilled gasoline on the walk. Miller saw the gasoline, which had run over the walk from its center to the curb, and in width about a foot. Miller returned to the store, engaging for from five to seven minutes in some minor clerical work and in looking for a broom with which to sweep dirt on the sidewalk to cover up the gasoline. Meantime the plaintiff while walking over the walk and exercising ordinary care slipped upon the gasoline and fell, injuring himself considerably.

Upon these facts the position of the defendant Hotchkiss Company is, that the city of Waterbury had the sole and exclusive jurisdiction over the sidewalks of that city, and as a consequence that there was no duty resting upon it to keep this sidewalk in a reasonably safe condition. Further, that Farrel, a stranger to it, caused the sidewalk to become slippery for which it was in no way responsible and therefore it owed no duty to the plaintiff who was injured by falling upon the slippery walk. It is true that there was no duty

resting upon the Hotchkiss Company to keep the side-walk in front of its premises in a reasonably safe con-dition for public travel. It is not true that it was not under a duty to do nothing which would by its act render the walk unsafe for public travel. If an abut-ting owner, a contractor or any other person by his act made a dangerous hole in a sidewalk he would have committed a nuisance for which he would be responsi-ble in damages for injury resulting from his act. Sim-ilarly a sewer-box or other structure placed upon a sidewalk by an abutting owner may become a nuisance through disrepair; for injury resulting from the de-fective box the abutting owner who is responsible for its repair will be liable. *Waterbury* v. *Clark,* 91 Conn. 254, 99 Atl. 578; *Wright* v. *Blakeslee,* 102 Conn. 162, 128 Atl. 113. A similar principle makes the abutting owner liable for an injury to a traveler upon a sidewalk injured through his premises being in such condition as to endanger travelers in their lawful use of the walk. *Ruocco* v. *United Advertising Corporation,* 98 Conn. 241, 119 Atl. 48. In each instance responsibility for the nuisance is imposed upon the person creating or maintaining it. Whether the city would also be liable under its statutory duty would not affect the liability of this company for the injury due to its conduct of its business through which this walk became unsafe for public travel, and also due to its failure to remedy the dangerous condition after its agent had had ample opportunity so to do. If the Hotchkiss Company placed the gasoline upon this walk, the jury might well have found its presence upon the walk a nuisance, and if they so found, liability for the resulting damage must have followed. If the company conducted its business in such manner as to cause the walk to become slippery from the gasoline spilled thereon and unsafe for public travel a like finding and responsibility would

follow. If the company, after it knew that the sidewalk had become unsafe for public travel through the manner in which it permitted its business to be conducted, thereafter failed to remedy the dangerous condition, though having ample opportunity to do so, it would be liable for the injury resulting to a traveler in the exercise of due care from the unsafe condition of the walk.

From the proximity of the pump to the walk, the existence of the permitted practice of employees and old customers to help themselves to the gasoline, the fact that the gasoline which was sometimes spilled upon the walk rendered it unsafe for travel until it had evaporated, the fact that the president of the company and its agent in charge knew of the danger to travelers and took precautions to make the walk safe after the gasoline had been spilled upon it, and the fact that in the instant case Miller, though knowing of the dangerous condition, took no such precautions, the jury might well have found that the gasoline upon this walk spilled by Farrel constituted a nuisance which was maintained by this company through the manner in which it conducted its business. The defendant company contends that Farrel was a trespasser; on the contrary, in what he did he was a licensee following a practice which the defendant's conduct of the business had sanctioned. Moreover, Miller, the agent of the defendant, knew of the gasoline spilled upon the walk in time to have scattered dirt over it and avoided the accident. The jury might well have found his conduct negligent for which the defendant company was responsible. If the jury credited the evidence offered by the plaintiff, and in the absence of explanation or contradiction there is no apparent reason why they should not have, they might reasonably have rendered a verdict for the plaintiff. The motion to set aside the nonsuit should have

been granted. *Girard* v. *Grosvenordale Co.*, 83 Conn. 20, 25, 74 Atl. 1126.

There is error and a new trial is ordered.

In this opinion the other judges concurred.