## MARY C. PALERMO
*vs.*
## CITY OF NEW HAVEN ET AL.

Superior Court        New Haven County        File No. 59322

MEMORANDUM FILED MARCH 31, 1941.

*Benjamin F. Goldman,* of New Haven, for the Plaintiff.

*Vincent P. Dooley,* Corporation Counsel, and *FitzGerald, Foote & FitzGerald,* of New Haven, for the Defendants.

SIMPSON, J. Excluding those portions of the demurrer which attempt to import facts into the complaint, it appears and is admitted by the demurrer, that years ago this defendant, through its agents, and under the "direction and supervision" of the city, constructed a sidewalk adjoining its premises at a higher level than the adjoining curbstone, thereby creating a dangerous and defective condition so as to constitute a nuis-ance, and both defendants have permitted that condition to remain.

It is to be noted that the defendant is not charged with failure to repair a defective sidewalk. If that were the case, according to almost universal authority, the abutting owner could not be held liable. *Willoughby vs. City of New Haven,* 123 Conn. 446, 451; *Stevens vs. Neligon,* 116 id. 307, 309. In the latter case it was sought to hold the abutting owner liable for icy condition of the sidewalk. The court said, in upholding the sustaining of a demurrer to the complaint, at page 309: "When the abutting property owner has not by his own act created a condition upon the highway dangerous to the traveler, he is not responsible where by reason of the failure of the city to perform its duty, it has become unsafe for public travel", and again, at page 312: "We do not con-strue the Act of 1915 [charter provision] to impose a lia-bility upon a property owner for a defect in the streets of the city which he did not himself create." The gist of these decisions is to the effect that at common law an abutting pro-perty owner was liable for the defect in the highway of his own creation.

The complaint charges this defendant with creating such

a dangerous and defective condition in the highway as to constitute a nuisance and allowing it to remain in that condition for a number of years. That it would be held liable in so maintaining a nuisance is supported by *Hanlon vs. City of Waterbury*, 108 Conn. 197.

The defendant claims that inasmuch as the sidewalk was constructed under the "direction and supervision" of the city it is relieved from liability. This seems to be a *non sequitur*. It might not be liable if it had constructed a sidewalk in a safe condition and according to a grade fixed by the city, but that does not appear from the complaint, and even if it did so appear whether or not that would relieve the defendant from liability for assisting in creating a nuisance is doubtful. While the establishment of a grade might be a governmental duty, if it constituted so dangerous and defective a condition as to constitute a nuisance, the city might be liable. *Federman vs. City of Stamford*, 118 Conn. 427. If the city might be liable, why not the abutting property owner who assisted in creating the condition? But this question, as stated, is not before the court, as it does not appear that the city established the plan and grade for the sidewalk.

The defendant makes the claim that even though this defendant built and maintained the sidewalk it could not be held liable, and that the liability was solely that of the city, and cites and relies upon the case of *Wright vs. Hines*, 235 S.W. 831. There is *obiter* in that case for the proposition stated, but upon a careful reading of that case, and the cases cited by that court, the case seems to go no further than hold that after a sidewalk has been constructed and accepted by the municipality, the latter alone is liable for non-repairing. This is in accordance with well-established principles in this State as well as elsewhere.

The demurrer is overruled.