## HUGH D. PERKINS *v.* MARIE WEIBEL ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued March 7—decided April 12, 1945.

*Joseph B. Morse,* for the appellant (named defendant).

*Charles Henchel,* for the appellee (plaintiff).

DICKENSON, J. The plaintiff fell on a sidewalk in front of a store owned by the named defendant and occupied by Jacob Rosenbaum as a restaurant. The plaintiff's claim was that his fall and ensuing injuries were caused by the conduct of both landlord and tenant in allowing grease to seep from the front of the building and accumulate on the public walk. He charged both with negligence, and the landlord with maintenance of a nuisance. The trial court found the issues for the plaintiff against both parties. The defendant landlord appeals from that judgment, assigning error in the finding and in the judgment thereon.

In their briefs both parties state, in substance, the issue to be whether or not the defendant, as owner of the premises occupied by Rosenbaum, a tenant from month-to-month, is responsible to the plaintiff for the existence of the greasy condition on the walk. The plaintiff claims that the grease had seeped through cracks in the outer wall of the building which the defendant should have repaired. The defendant claims that the plaintiff fell on greasy water swept out of the door by the tenant shortly before the fall. There was conflicting evidence as to the manner in which the greasy substance got upon the sidewalk, and the trial court's finding that it had seeped through openings in the woodwork of the front of the building and accumulated on the walk may not be disturbed. The defendant further assigns error in a finding that the relationship of landlord and tenant had existed for a long period of time. There was no specific evidence as to just how long this had lasted, but there was testimony from which the trial court reasonably could have found that it had existed at least one year and that the tenant had given several monthly rent checks to the defendant's agent during that time.

With such corrections as we make in the finding, the

facts necessary for the grounds upon which we base our decision are as follows: A year or more before the date of the plaintiff's injury, the named defendant leased her store to Rosenbaum by parol on a month-to-month tenancy. Rosenbaum installed a grill near a front window and grease from this seeped through cracks in the front of the building and ran across the public sidewalk, forming a coating that existed substantially from the time of his first occupancy. The condition constituted a nuisance and caused the plaintiff's fall and injuries.

While an abutting owner ordinarily is under no duty to keep the sidewalk in front of his property in a reasonably safe condition for public travel, he is liable in damages for a nuisance maintained by him upon it. *Hanlon* v. *Waterbury*, 108 Conn. 197, 142 Atl. 681. When the property is leased, the obligation ordinarily passes to the tenant. *Calway* v. *William Schaal & Son, Inc.*, 113 Conn. 586, 591, 155 Atl. 813. Where, however, the premises are leased with a nuisance thereon, the landlord may be liable to third persons for injuries caused by it. ". . . where an owner leases premises upon which there is a nuisance which will continue if they are used for the purpose and in the manner intended he is liable for damages resulting from that nuisance." Id. at 592; *Bergman* v. *Jacob*, 125 Conn. 486, 489, 7 Atl. (2d) 219; *Swift & Co.* v. *Peoples Coal & Oil Co.*, 121 Conn. 579, 592, 186 Atl. 629; *House* v. *Metcalf*, 27 Conn. 630, 639. This doctrine does not apply when the nuisance is private and the injured party has no proprietary interest in the property. *Webel* v. *Yale University*, 125 Conn. 515, 524, 7 Atl. (2d) 215. The nuisance in this case was public. 39 Am. Jur. 284, § 7.

We pointed out in *Corrigan* v. *Antupit*, 131 Conn.

71, 76, 37 Atl. (2d) 697, that under General Statutes, § 5021, parol leases reserving a monthly rent in which the time of termination is not agreed upon shall be construed to be leases for one month only. The result of this is that leasing under a month-to-month tenancy makes each month a new tenancy and the liability of the landlord is to be determined upon the basis of the new lease then coming into effect. In the case before us the nuisance had existed for about a year, during which the tenant paid the defendant monthly rent, and any reasonable inspection of the premises by the defendant would have disclosed the dangerous condition that caused the plaintiff's fall. *Timlin* v. *Standard Oil Co.*, 126 N. Y. 514, 523, 27 N. E. 786; Winfield, Torts (2d Ed.), p. 505. The trial court was not in error in holding her liable for the plaintiff's injuries on the ground of nuisance. As this is conclusive of the appeal, we do not discuss the other issues.

There is no error.

In this opinion the other judges concurred.