[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff brings this action to recover damages for personal injuries which she claims to have sustained on November 11, 1991 when she fell on a sidewalk outside of Griffin Hospital in Derby. The plaintiff testified that she was walking from the hospital to a parking lot when she fell on a sidewalk which is depicted in Plaintiff's Exhibit #6. The plaintiff also testified that it was raining at the time of her fall. The parties have stipulated and agreed that the sidewalk in question is a public sidewalk and was a public sidewalk on November 11, 1991.
The plaintiff testified that while walking as described above, she was caused to slip and fall. After falling, the plaintiff claimed that she became aware of oil and gravel on the sidewalk where she fell and maintained that such was the cause of her fall. It was the testimony of the plaintiff that construction had been ongoing for a week in an area above where she fell and that the oil was being carried from that construction, down the hill, by the rain.
Mr. Winston Dawson, who was employed as a security officer at Griffin Hospital, testified that she spoke with the plaintiff after she had fallen. Mr. Dawson testified that the plaintiff showed him where she had fallen and he noticed no debris or oil in that location. Mr. Dawson also testified that two weeks after the incident in question the plaintiff asked him to state that he had witnessed her fall and that she had become upset when he refused. Mr. Dawson testified that there was no construction going on at the time of the plaintiff's fall.
Testimony was also received from Pauline Barry, the Director of Risk Management at Griffin Hospital. Ms. Barry testified that she spoke with the plaintiff on November 26, 1991 at which time the plaintiff stated that there was no defects or debris where she fell but that the ground was wet.
Pauline Barry also testified that there was no construction going on in the area of the plaintiff's fall on November 11, 1991 and that, as Director of Risk Management, it would be part of her job responsibility to be aware of construction.
The amended complaint in this case alleges that the area CT Page 5558 where the plaintiff claims to have fallen was owned by the defendant and the allegations of negligence are therefore predicated on that premise. Since the parties have now stipulated that the sidewalk was not owned by the defendant, the court will proceed to analyze the liability issues based upon the testimony at trial and the laws pertaining to the liability of an abutting landowner for injuries sustained on a public sidewalk.
"An abutting landowner, in the absence of statute or ordinance, ordinarily is under no duty to keep the public sidewalk in front of his property in a reasonably safe condition for travel." Wilson v. New Haven, 213 Conn. 277, 280 (1989). The court has been presented with no statute or ordinance which would impose civil liability upon an abutting landowner under the circumstances of this case.
An abutting landowner is, however, under a duty to avoid using such property in such a manner as to create a condition on a public sidewalk which would make it unsafe for travel. Hanlonv. Waterbury, 108 Conn. 197, 200 (1928).
It is therefore the burden of the plaintiff to prove, by a preponderance of the evidence, that the area of the sidewalk where she fell was in a condition dangerous to users thereof and, that such condition was created by the defendant with respect to the use of its adjoining property. In the opinion of the court, the plaintiff did not sustain her burden of proof in this respect.
The court finds credible the testimony of Pauline Barry to the effect that there was no construction taking place on the premises of the defendant at the time of the plaintiff's fall. Additionally, the testimony of Pauline Barry and Winston Dawson is in direct contradiction to that of the plaintiff. According to Mr. Dawson, he observed no oil or debris in the location where the plaintiff had fallen, and Ms. Barry testified that the plaintiff told her some two weeks after the fall that the sidewalk was wet but that there was no other defects or debris present.
The plaintiff having failed to satisfy her burden of proof as set forth above, judgment may enter in favor of the defendant.
Thompson, J. CT Page 5559