[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #148
The plaintiff, Anthony Janov, brings this action to recover for injuries allegedly sustained when he slipped and fell on a defective public sidewalk located in Bridgeport. The plaintiff alleges that a raised portion of the sidewalk was the defective condition which caused him to slip and fall. Named as defendants are the City of Bridgeport (City), and Hien Minh Le and Hung Quoc Le, whose properties allegedly abut the defective sidewalk. In counts I and IV of the amended complaint, filed on CT Page 1353-WW May 26, 1994, the plaintiff asserts negligence and public nuisance claims against Hien Minh Le. In counts II and V, the plaintiff asserts negligence and public nuisance claims against Hung Quoc Le. In counts III and VI, the plaintiff asserts negligence and public nuisance claims against the City.
On November 14, 1995, Hien Minh Le filed a motion for summary judgment (#146), supported by a memorandum of law, a survey map, an affidavit, an affidavit of the person who prepared the survey map, and other documentary evidence. On January 17, 1996, the court, Ballen, J., granted Hien Minh Le's motion for summary judgment on the following grounds: (1) that the portion of the public sidewalk upon which the plaintiff allegedly fell was owned and controlled by the City; (2) that the law does not impose liability upon abutting landowners for injuries sustained as a result of a defective public sidewalk; and (3) even if the law imposed such liability, Hien Minh Le could not be liable as a matter of law because his property does not abut the defective portion of the sidewalk.
On November 28, 1995, Hung Quoc Le filed a "renewed motion for summary judgment," supported by a memorandum of law , a survey map, and an affidavit of the person who prepared the map.[1] The plaintiff has not filed a memorandum or evidence in opposition to the motion for summary judgment.
"Summary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" HomeInsurance Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202,663 A.2d 1001 (1995). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . ." Miller v. UnitedTechnologies Corp., 233 Conn. 732, 744-45, 660 A.2d 810 (1995).
In moving for summary judgment, Hung Quoc Le argues that he had no duty to maintain the public sidewalk in question in a reasonably safe condition because there is no statute or ordinance which places such a duty upon him. "The existence of a duty is a question of law. . . . Only if such duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation at hand." Shore v. Stonington, 187 Conn. 147, 151-52,444 A.2d 1379 (1982). CT Page 1353-XX
"An abutting landowner, in the absence of statute or ordinance, ordinarily is under no duty to keep the public sidewalk in front of property in a reasonably safe condition for travel." Wilson v. New Haven, 213 Conn. 277, 280, 567 A.2d 829
(1989). "Abutting owners have only been held liable for injuries from defective sidewalks where under charter provisions they were not only charged with the duty of keeping sidewalks in repair but also expressly made liable for injuries occasioned by defective condition thereof." Willoughby v. New Haven,123 Conn. 446, 453-54, 197 A. 85 (1937).
In the present case, the affidavit and evidence submitted by Hung Quoc Le in support of his motion, while demonstrating that the defective sidewalk was located in front of his property (239 Willow Street), also demonstrates that the sidewalk in question was owned and controlled by the City of Bridgeport.[2]
Absent a local ordinance which imposes a duty upon an abutting landowner to keep the public sidewalk in front of his property in a reasonably safe condition, no duty to maintain the sidewalk in question could be imposed on Hung Quoc Le. Accordingly, the court grants Hung Quoc Le's motion for summary judgment with respect to count II of the amended complaint.
With respect to the plaintiff's nuisance claim, asserted in count V of the amended complaint, "[a]n abutting landowner is . . . under a duty to avoid affirmative acts which `render the walk unsafe for public travel.' Hanlon v. City of Waterbury,108 Conn. 197, 200, 142 A. 681 (1928). An abutting landowner `is liable in damages for a nuisance maintained by him upon it.'Perkins v. Weibel, 132 Conn. 50, 52, 42 A.2d 360 (1945)." Coylev. City of Waterbury, 5 Conn. L. Rptr. 342, 343 (December 6, 1991, Blue, J.). "Thus, if an abutting landowner allows gasoline to spill from a pump on his property onto the sidewalk . . . or allows grease to seep from his restaurant onto the sidewalk . . . he is liable in damages to a pedestrian who slips and falls as a result of the nuisance. These cases plainly involve some affirmative act on the part of the landowner." (Citations omitted.) Id.
In the present case, there is no evidence that the defect which allegedly existed in the sidewalk was created by an affirmative act on the part of Hung Quoc Le. Accordingly, the court grants Hung Quoc Le's motion for summary judgment with respect to count V of the amended complaint. CT Page 1353-YY
THE COURT
MAIOCCO, J.