[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 13744
The defendants own property at 420-424 Whitney Avenue in New Haven. On March 19, 1997, the plaintiff was injured when she tripped and fell one "cracked and broken" portion of the sidewalk in front of those premises. The plaintiff claims that her injuries were caused by the defendants' negligence in that they failed to warn the plaintiff of the dangerous and defective condition of the sidewalk or to remedy, remove, maintain, inspect, rope-off or test the sidewalk.
The defendants have moved for summary judgment on the grounds that they did not owe a duty to the plaintiff. Their supporting affidavit, which is uncontroverted, establishes that the sidewalk is a public sidewalk constructed by the City of New Haven which is responsible for its maintenance. The defendants did not create the defect and have never been requested by the City of new Haven to repair the sidewalk.
"An abutting landowner, in the absence of statute or ordinance, ordinarily is under no duty to keep the public sidewalk in front of his property in a reasonably safe condition for travel. Tenney v. Pleasant Realty Corporation, 136 Conn. 325,329, 70 A.2d 138 (1949); Jankowski v. Bridgeport,34 Conn. Sup. 1, 3, 373 A.2d 1 (1977). In the instant case the plaintiff does duty owed to the plaintiff by the abutting landowner." Wilson v. New Haven, 213 Conn. 277,280, 567 A.2d 829 (1989). "There is no evidence of repairs prior to the accident nor any other indication of control or maintenance of the sidewalk by the abutting landowner at the time of the accident." Id, 281. "This is not a situation where a hazardous condition was created by the abutting landowner. See, e.g., Perkins v. Weibel, 132 Conn. 50,42 A.2d 360 (1945); Hanlon v. Waterbury, 108 Conn. 197,142 A. 681 (1928). Under these facts there is no duty owed by the [defendants] to the plaintiff." Id. Notably, the plaintiff has filed neither an opposing affidavit nor memorandum of law, nor did her attorney appear for oral argument within thirty minutes at the time the case was assigned. The defendants' motion for summary judgment, therefore, is granted. CT Page 13745
BY THE COURT
Bruce L. Levin Judge of the Superior Court