[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION AS TO MOTION FOR SUMMARY JUDGMENT
Presently before the court is the defendant Guy J. Carlone's (Carlone) motion for summary judgment as to counts two and three of the amended complaint. On April 22, 1998, the plaintiff Dante Moss (Moss) commenced this trip and fall action against the defendants Carlone and the city of Bristol (Bristol). On October 20, 1998, Moss filed an amended complaint, which alleges the following relevant facts:
On the morning of May 23, 1996, Moss fell when he stepped into a hole adjacent to the sidewalk, in the grass between the sidewalk and the street curb, at the intersection of Peck Lane and Divinity Street in Bristol, Connecticut. The hole measured approximately three and one-half feet by two and one-half feet and was at least one foot in depth. Carlone owned the property abutting the sidewalk where Moss was injured.[1]
In count two Moss alleges, inter alia, that Carlone negligently breached a duty pursuant to Bristol ordinances § § 21-37 and 21-48 to keep the sidewalk and adjacent areas between the sidewalk and the curb free of holes, hazards and defects that would constitute dangers to pedestrians. In count three, Moss alleges that the hole constituted a nuisance, that Carlone was aware of the dangers posed by the hole, and yet CT Page 16828 failed either to warn others of it or to erect barriers around it.
On August 12, 1999, Carlone moved for summary judgment on the ground that, as a matter of law, he is not liable for injuries resulting from a defective sidewalk. Moss opposes the motion for summary judgment on the ground that Carlone as a landowner owed a duty to Moss and other pedestrians, because he maintained the area in which Moss was injured
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Alvarez v. New HavenRegister. Inc., 249 Conn. 709, 714, 735 A.2d 306 (1999); Practice Book § 17-49. "The issue of whether a defendant owes a duty of care is an appropriate matter for summary judgment because the question is one of law." Pion v. Southern New England TelephoneCo., 44 Conn. App. 657, 660, 691 A.2d 1107 (1997). "There can be no actionable negligence . . . unless there exists a cognizable duty of care. . . . Whether a duty of care exists is a question of law to be decided by the court." (Citations omitted.) Watersv. Autuori, 236 Conn. 820, 826, 676 A.2d 357 (1996).
"In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Hertz Corp.v. Federal Ins. Co., 245 Conn. 374, 381, 713 A.2d 820 (1998). "A genuine issue has been variously described as a triable, substantial or real issue of fact . . . and has been defined as one which can be maintained by substantial evidence." (Citation omitted; internal quotation marks omitted.) Urban Oil Co. v.Urban Redevelopment Commission, 158 Conn. 364, 378, 260 A.2d 596
(1969).
In his memorandum in support of the motion for summary judgment, Carlone argues that, absent a statute or municipal ordinance predicated thereon, an abutting property owner is not liable for injuries caused by a defective sidewalk. According to Carlone, municipalities may shift to abutting landowners the liability for injuries only for ice and snow removal under General Statutes § 7-163a. As to the general maintenance of public sidewalks, municipalities under § 7-148 may shift only their burden to maintain, not their liability for injuries caused CT Page 16829 by, defective sidewalks.
In his memorandum in opposition, Moss responds that the complaint relies not only upon the application of identified sections of the Bristol ordinances, but also upon an abutting property owner's common law duty to maintain the sidewalk. Moss further argues that the hole constituted a nuisance, was dangerous, and that Carlone failed to obviate the danger.
 AS TO COUNT TWO
"An abutting landowner, in the absence of statute or ordinance, ordinarily is under no duty to keep the public sidewalk in front of his property in a reasonably safe condition for travel." Wilson v. New Haven, 213 Conn. 277, 280,567 A.2d 829 (1989). General Statutes § 7-148 charges municipalities with the duty to keep sidewalks in a safe condition. See General Statutes § 7-148 (c)(6)(C)(i)-(iv).
"The Connecticut legislature has enacted enabling legislation to permit municipalities to promulgate rules and regulations concerning sidewalks encompassed with State of Connecticut Highway Rights of Way." Mahoney v. Mobil Oil Corp., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 568849 (December 4, 1997, Aurigemma, J.) (21 Conn. L. Rptr. 138, 139). Municipalities may require property owners to remove debris and other obstructions from abutting sidewalks. See General Statutes § 7-148 (c)(6)(C)(v). Pursuant to §7-148, municipalities also may levy penalties against abutting landowners for their failure to remove such debris and obstructions. Id.
Accordingly, the city of Bristol requires property owners to maintain, repair, replace and keep clear the public sidewalks abutting their property. See Bristol Code § 21-37.[2]
Bristol further requires abutting owners to keep the tree border between the curb and the sidewalk free of holes and defects that would constitute a danger to pedestrians. See Bristol Code, §21-48.[3] But there is no language in these ordinances nor in any statute cited by Moss that imposes upon an abutting property owner such as Carlone any liability to a third party for his injuries. See Scollin v. City and Town of Shelton, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 031623 (March 29, 1993, Jones, J.) (8 C.S.C.R. 479); Bonillav. City of Bridgeport, Superior Court, judicial district of CT Page 16830 Fairfield at Bridgeport, Docket No. 331576 (November 4, 1996,Thim, J.) (18 Conn. L. Rptr. 130).
Where a municipality seeks to shift liability for injuries caused by a defective sidewalk to the abutting property owner, "it must be accomplished by statutory or charter provision or by ordinance adequately authorized by such provision, and, being the creature of statute or such ordinance, it can be no greater than that specifically imposed thereby." Willoughby v. New Haven,123 Conn. 446, 451, 197 A. 85 (1937). Under General Statutes §7-163a, municipalities may transfer to abutting property owners liability solely for injuries caused by ice and snow on public sidewalks. See Radley v. Town of Westport, Superior Court, judicial district of Stamford Norwalk at Stamford, Docket No. 165514 (March 31, 1999, D'Andrea, J.); Mahoney v. Mobil OilCorp., supra, 21 Conn. L. Rptr. 139; Kuchinsky v. City ofAnsonia, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 031697 (November 7, 1991, Sequino, J.).
General Statutes § 7-148 is the only other source under which a municipality may "delegate duties to abutting landowners with respect to sidewalks." Mahoney v. Mobil Oil Corp., supra,21 Conn. L. Rptr. 139. Section 7-148 does authorize municipalities to require abutting property owners to remove debris and other obstructions from public sidewalks. "However, unlike §7-163a, it does not authorize a municipality to shift liability for injuries to adjacent landowners." Id. See also Hutchinson v. Cityof Danbury, Superior Court, judicial district of Danbury at Danbury. Docket No. 331013 (February 8, 1999, Radcliffe, J.) (23 Conn. L. Rptr. 3).
Moss relies upon Dumas v. Schumanski, Superior Court, judicial district of New London at Norwich, Docket No. 105155 (May 23, 1996, Hendel, J.) (16 Conn. L. Rptr. 613) for the proposition that General Statutes § 13a-149, coupled with §§21-37 and 21-48 of the Bristol Code, shifts liability from the municipality to the abutting owner for injuries caused by a defective sidewalk. Dumas appears to be the only case in which a court has held that where an abutting property owner has a duty to maintain under a local ordinance, the owner may also be held liable under § 13a-149 for injuries caused by that sidewalk.
This judge declines to follow Dumas. I concur that "the better reasoned Superior Court cases deciding this very issue have found that a town has no statutory authority to extend CT Page 16831 liability for injuries resulting from falls on defective sidewalks to abutting landowners." Radley v. Town of Westport,
supra, Superior Court, Docket No. 165514.
"[T]here is no authority for municipalities to shift their liability for defective sidewalks to abutting landowners outside the context of ice and snow removal." (Internal quotation marks omitted.) Rodriguez v. Melekey, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 342710 (July 22, 1998,Skolnick, J.). "[W]here the property owner fails to comply with the provisions of such an ordinance to keep the sidewalk in a safe condition that alone is not sufficient to make the owner liable for injuries sustained by his or her failure to perform that duty. The abutting property owner's duty under such an ordinance . . . is one owed to the city . . . the ordinance cannot cast upon the property owner liability to a traveler upon the highway for failure to perform that duty." (Internal quotation marks omitted.) Svorka v. Town of Greenwich, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 109738 (15 Conn. L. Rptr. 371) (November 3, 1995, Lewis, J.)
Construing §§ 21-37 and 21-48 of the Bristol Code and General Statutes § 13a-149 in a strict manner, as the court must do where the statute or ordinance at issue attempts to abrogate the common law; see Bhinder v. Sun Co., Inc,246 Conn. 223, 231, 717 A.2d 202 (1998); this court concludes that while §§ 21-37 and 21-48 of the Bristol Code shift to abutting property owners the responsibility for maintaining public sidewalks, they do not transfer to abutting property owners liability for failing to maintain such sidewalks. See Rodriguezv. Melekey, supra, Superior Court, Docket No. 342710. Further, there is no statutory authority under which Bristol may transfer to abutting property owners its liability for defective sidewalks outside of the context of ice and snow removal. See Hutchinson v.City of Danbury, supra, 23 Conn. L. Rptr. 3; Rodriguez v.Melekey, supra, Superior Court, Docket No. 342710; Bonilla v.City of Bridgeport, supra, 18 Conn. L. Rptr. 130.
 AS TO COUNT THREE
An abutting property owner will be liable in nuisance for injuries caused by a dangerous condition that he has created on a sidewalk. Wilson v. New Haven, supra, 213 Conn. 281. "If an abutting owner, a contractor or any other person by his act made a dangerous hole in a sidewalk he would have committed a nuisance CT Page 16832 for which he would be responsible in damages for injury resulting from his act." Hanlon v. Waterbury, 108 Conn. 197, 200,142 A. 681 (1928).
The liability in nuisance of abutting property owners is much more limited than that of property owners who create and maintain nuisances on their own property. MacArthur v. Town of Suffield,
Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 522353 (March 8, 1994, Hennessey, J.) (11 Conn. L. Rptr. 176). The liability of abutting property owners in nuisance is limited to cases of affirmative acts. Id.
In the amended complaint, dated October 19, 1998, Moss alleges that "the hole constituted a nuisance in that it, by its very nature, tended to endanger and injure persons using the sidewalk and adjacent areas between the sidewalk and curb; in that Carlone failed to erect and maintain barriers of any kind to protect persons using this sidewalk area from stepping into said hole, in that Carlone refused and persisted to refuse to erect and maintain barriers and failed and persisted to fail to warn persons using the sidewalk despite its [sic] knowledge of the existence of the hole and its danger to pedestrians." (Amended Complaint, 10/19/98, Count Three, ¶ 5.)
In his response to Moss' request for admissions, Carlone admitted that within one year of the date on which Moss was injured, he or someone at his direction cut the grass on the area between the sidewalk and the curb. Carlone also admitted that he was aware of the hole prior to Moss' injury and that he reported to Bristol the existence of the hole. Carlone denied that he maintained, planted grass on, raked leaves and grass from, or removed snow, plants, trees or shrubs from the area in question within one year prior to the accident.
Moss attaches particular significance to Carlone's admission that he mowed the grass in the vicinity of the hole sometime before the accident. Based on this act alone, Moss argues that there is a genuine issue of material fact as to whether Carlone maintained the area in question. At oral argument both counsel agreed that the hole is the defect and that there is no claim that Carlone created the hole.
Even viewing the evidence in the light most favorable to Moss; Hertz Corp. v. Federal Ins. Co., supra, 381; it is clear that Carlone did not affirmatively cause a nuisance. The evidence CT Page 16833 submitted in connection with the motion shows that the only affirmative act done by Carlone was the mowing of the grass near the hole. Mowing of the area near the hole may be maintenance, but it is not an affirmative act that created the nuisance, which is the hole itself. Counsel agreed that Carlone did not create the hole. Not having created the alleged nuisance, Carlone had no duty to Moss to abate it. Janov v. City of Bridgeport, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 310774 (February 26, 1996, Maiocco, J.); MacArthur v. Town ofSuffield, supra, 11 Conn. L. Rptr. 176.
 CONCLUSION
For the foregoing reasons, there is no genuine issue of material fact in dispute and Carlone is entitled to summary judgment as a matter of law. The motion for summary judgment is granted as to both the second and third counts.
James T. Graham, Superior Court Judge.