[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
Presently before the court is the defendant's motion to strike count two of the plaintiff's amended complaint alleging a common law cause of action in nuisance. Count two specifically alleges that on August 22, 1997, the plaintiff, Pamela Ferrara, was caused to slip and fall due to a defect on a public sidewalk abutting property owned by the defendants, Martin and Jean C. Hart, at 393 Main Street, Wethersfield, Connecticut. CT Page 6582 The plaintiff further alleges this "stub toe" defect was created and maintained by the defendants Hart upon repairing, or causing to be repaired, a defect in the sidewalk resulting from the growth of the roots of a tree located on the defendants' premises. Finally, the plaintiff alleges the defendants Hart created a hazard to the general public on a public right of way which constituted a public nuisance.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp.,240 Conn. 576, 580, 693 A.2d 293 (1997). "This includes the facts necessarily implied and fairly provable under the allegations." WestportBank Trust Co. v. Corcoran, Malin Aresco, 221 Conn. 490, 495,221 A.2d 490 (1992). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp., supra, 580.
The defendants Hart move to strike count two of the complaint on the grounds that it fails to allege facts sufficient to support a claim of nuisance. Specifically, the defendants Hart argue that in order to proceed with an action in nuisance, the complaint must plead the following four elements: "(1) the condition complained of had a natural tendency to create danger and inflict injury upon person or property; (2) the danger created was a continuing one; (3) the use of the defendant's land was unreasonable or unlawful; and (4) the existence of the nuisance was the proximate cause of the plaintiff's injuries and damages." Greenv. Ensign-Bickford Co., 25 Conn. App. 479, 490, 595 A.2d 1383, cert. denied, 220 Conn. 919, 597 A.2d 341 (1991). The defendants Hart argue that the first and third elements are not sufficiently alleged in the complaint.
The plaintiff argues that the complaint sufficiently alleges the required four elements. First, the plaintiff alleges that the defendants Hart created a "stub toe" defect in the sidewalk which constituted a hazard and a continuing danger to the public. (See Amended Complaint, count two, ¶¶ 3-4.)[1] Second, the plaintiffs allege that prior to and at the time of the fall, the defect presented a continuing danger to the public. (See Amended Complaint, count two, ¶ 4.) Third, the plaintiff alleges that the creation and maintenance of this defective condition was unreasonable and unlawful pursuant to chapter 139 of the Town of Wethersfield ordinance. (See Amended Complaint, count two, ¶¶ 5-6.) Finally, the plaintiff alleges that the nuisance was the proximate CT Page 6583 cause of the fall and resulting injuries. (See Amended Complaint, count two, ¶ 2.) The court finds these allegations sufficient to meet the four threshold elements required to assert an action in nuisance.
Additionally, the defendants Hart suggest that the plaintiffs claim sounds in private nuisance and, therefore, the complaint must allege that the plaintiff enjoyed a right of ownership in the sidewalk which caused her injury. The complaint clearly sets forth a claim in public nuisance. The plaintiff alleges the "stub toe" defect constituted a hazard to the general public on a public right of way. (See Amended Complaint, count two, ¶¶ 3-4.)[2] Therefore, the plaintiff is not required to allege that she was injured in relation to a right which she enjoyed by reason of an ownership interest in the sidewalk. See generally Webel v. YaleUniversity, 125 Conn. 515, 525, 7 A.2d 215 (1939).
Finally, although the parties did not raise the issue, in order to proceed with this action the complaint must allege an affirmative act by the defendants Hart. See Perkins v. Weibel, 132 Conn. 50, 52, 42 A.2d 360
(1945) (abutter may be liable in nuisance only where it was caused by the defendant's positive act); Gambardella v. Kaoud, 38 Conn. App. 355, 360,660 A.2d 877 (1995) (motion to strike denied where complaint alleged a positive act by an abutter creating a hazard); Capello v. Town of Hamden, Superior Court, judicial district of New Haven at Meriden, Docket No. 255456 (July 22, 1997, Dunnell, J.) (motion to strike granted because complaint did not allege an affirmative act creating the nuisance). "While an abutting owner ordinarily is under no duty to keep the sidewalk in front of his property in a reasonably safe condition for public travel, he is liable in damages for a nuisance maintained by him upon it."Perkins v. Weibel, supra, 52, citing Hanlon v. Waterbury, 108 Conn. 197,142 A. 681 (1928); see also Mode v. Nelson, Superior Court, judicial district of New Britain, Docket No. 493091 (February 18, 2000, Graham, J.) (abutting property owner's liability limited to positive acts); MacArthurv. Town of Suffield, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 522353 (March 8, 1994, Hennessey, J.) (summary judgment granted where hazard on public sidewalk not alleged as the result of a positive act by the defendant). "If an abutting owner, a contractor or any other person by his act made a dangerous hole in a sidewalk he would have committed a nuisance for which he would be responsible in damages for injury resulting from his act." Hanlon v.Waterbury, supra, 200. "[R]esponsibility for the nuisance is imposed upon the person creating or maintaining it." Id.
Here, the plaintiff alleges that the nuisance was created and maintained by the defendants Hart in that they repaired, or caused to be repaired, a defect in the sidewalk resulting from the growth of a tree on the defendants' property, which in turn created a "stub toe" defect in CT Page 6584 the sidewalk constituting a nuisance. (See Amended Complaint, count two, ¶ 3.) This allegation of an affirmative act is sufficient to overcome the motion. Accordingly, the defendants' motion to strike count two of the plaintiff's amended complaint is denied because the complaint properly sets forth an action in common law nuisance.
BY THE COURT
Hon. Andre M. Kocay, J.