[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION FOR SUMMARY JUDGMENT (No. 112)
The motion now before the Court involves the distinction between an omission and a positive act with respect to the maintenance of a sidewalk.
The evidence submitted to the Court establishes that on June 29, 1998, the plaintiff, Evelyn Marino, was injured when she fell while walking on a public sidewalk in front of 130 Montowese Street in Branford. She claims, in her complaint, that she fell "over the broken and raised portion of the sidewalk."
On October 5, 1999, Marino commenced this action by service of process. There are two defendants: the Town of Branford (which is not involved in the present motion) and Gavin Renz, the owner of the property located at 130 Montowese Street. The first count of the amended complaint is directed against the Town, and since, as just mentioned, the Town is not involved in this motion, that count need not be discussed here. The second count is directed against Renz. That count alleges that Renz's negligence caused Marino's fall in several ways. The only specification of negligence that Marino claims here, however, is the first. That specification alleges that Renz was negligent "in that he caused, allowed or permitted that portion of the sidewalk to become unsafe and!or dangerous in that the sidewalk was uneven and he allowed grass and!or weeds to accumulate in the area between the space in the sidewalk thereby covering and concealing from view the uneven surface of the sidewalk."
On July 6, 2000, Renz filed the motion for summary judgment now before the Court. The motion seeks judgment as to the second count only. The CT Page 12598 motion was heard on October 10, 2000.
"Abutting owners have only been held liable for injuries from defective sidewalks where under charter provisions they were not only charged with the duty of keeping sidewalks in repair but also expressly made liable for injuries occasioned by defective condition thereof." Willoughby v.City of New Haven, 123 Conn. 446, 454, 197 A. 85 (1937). Marino originally contended in this case that Renz was liable because of a provision in the New Haven charter charging the abutting landowner with an obligation to keep the adjacent sidewalk in repair. Shortly before the hearing, the Appellate Court held that a charter provision of this description is insufficient to impose liability. Dreher v. Joseph,60 Conn. App. 257 (2000). Given the decision in Dreher, Marino has a single remaining argument: that Renz created the defect in question by a positive act.
Although as a general matter an abutting property owner has no duty to maintain a public sidewalk in safe condition, our courts have long recognized "an exception to the general rule, in that abutting property owners can be liable in negligence or public nuisance for injuries resulting from an unsafe condition of a public sidewalk caused by positive acts of the defendant." Gambardella v. Kaoud, 38 Conn. App. 355,358, 660 A.2d 877 (1995). This exception is illustrated by two Supreme Court decisions from the first half of the twentieth century. Hanlon v.City of Waterbury, 108 Conn. 197, 142 A. 681 (1928), involved a defendant who maintained a gas pump four inches away from a tar sidewalk. Gasoline would spill from the pump onto the sidewalk, rendering it unsafe for travel. The defendant was deemed responsible for the condition, just as he would have been had he "by his act made a dangerous hole in a sidewalk." Id. at 200. Similarly, Perkins v. Weibel, 132 Conn. 50,42 A.2d 360 (1945), involved a defendant who operated a restaurant and allowed grease to seep from the front of his building and accumulate on the public walk. He, like the defendant in Hanlon, was held responsible for the resulting condition. Id. at 52.
Gambardella also addresses the "positive act" exception. The complaint in Gambardella alleged that the "defendants caused and!or did allow sand, sticks, and debris to accumulate on said walkway, thereby covering and concealing from view the cracked surface thereof. . . ."38 Conn. App. at 359. Citing Hanlon and Perkins, the Appellate Court held that, "This allegation is of a positive act by the defendants which, if proved at trial, could form the basis for the defendants' liability in negligence or public nuisance." Id.
Allowing debris to accumulate on a walkway is a confusing kind of "positive act." Professor Leo Katz has proposed a useful test for CT Page 12599 distinguishing between acts and omissions: "If the defendant did not exist, would the harmful outcome in question still have occurred in the way it did?" LEO KATZ, BAD ACTS AND GUILTY MINDS 143 (1987). This test readily explains Hanlon and Perkins. If the defendant in Hanlon had not existed, he would not have been operating his gas pump, and no gas would have spilled on the adjoining sidewalk. If the defendant in Perkins had not existed, he would not have been operating his restaurant, and no grease would have seeped onto the adjoining sidewalk. But what about the defendant in Gambardella? If he had not existed, wouldn't the debris have accumulated on the sidewalk anyway? Perhaps the most generous way to look at this is that Gambardella addressed only the sufficiency of a rather general allegation, and that it might have turned out, when the evidence was presented, that the defendant in that case indeed had something to do with the accumulation of the debris.
This case, however, goes a step beyond Gambardella. The defendant here is accused of allowing grass and weeds to "accumulate." The evidence submitted shows that the grass and weeds in question were "accumulating" by growing in place. Marino argues that the defendant here occasionally cut the grass and weeds, but didn't cut them enough. Even if this is so, the problem is that grass and weeds grow by themselves. Renz, the defendant here, had nothing to do with the fact that they grew. If he had not existed, the alleged defective condition would have been as bad as it was anyway, or even worse. Standing by while grass grows is not a "positive act" sufficient to impose liability. Under these circumstances, the positive act exception to the general rule absolving abutting property owners of liability for defective sidewalks cannot be established.
The motion for summary judgment is granted.
Jon C. Blue Judge of the Superior Court