[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE THIRD PARTY COMPLAINT
The plaintiff commenced this action against the defendant, City of Waterbury, for injuries and damages she sustained when she fell on a city CT Page 11442 sidewalk.
The plaintiff alleges that on April 11, 1998, she incurred said injuries when she tripped and fell on an open hole from an uncovered pipe while walking on a public sidewalk. The plaintiff alleges that the city of Waterbury was negligent because it had a statutory duty to keep the sidewalk reasonably safe, and that it breached its duty when it neglected to replace the cover of the pipe, allowed the hole to exist for an unreasonable amount of time, and failed to warn users of the dangerous hole.
On June 10, 1999, the city of Waterbury filed an answer with special defenses, alleging, inter alia, that the maintenance of the pipe and its missing cover are the responsibility of a third party, and that any defect in the sidewalk was caused by a third party in violation of Sec. 3122 of the Waterbury code of ordinances.
On June 23, 1999, the court, Pellegrino, J., granted the city of Waterbury's motion to implead Charles A. Baril.
On September 8, 2000, the defendant, City of Waterbury, filed a third party complaint against Charles A. Baril, the abutting landowner alleging that at the time of the plaintiffs injuries, he was the owner of and he was responsible for the existence and the maintenance of a "curb stop" or water service box which was installed by the Bureau of Water of the City of Waterbury.
On December 1, 2000, Baril, filed a motion to strike the third party complaint, with a supporting memorandum of law, on the ground that the city of Waterbury's allegations are insufficient to state a claim upon which relief may be granted. The city of Waterbury did not file a memorandum of law in opposition to the motion to strike.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Peter-Michael,Inc. v. Sea Shell Associates, 244 Conn. 269, 270-71, 709 A.2d 558
(1999). "A motion to strike admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Internal quotation marks omitted.) Faulkner v. UnitedTechnologies Corp., 240 Conn. 576, 588, 693 A.2d 293 (1997). "The court must construe the facts in the complaint most favorable to the plaintiff." (Internal quotation marks omitted.) Id., 580. "Moreover . . . [w]hat is necessarily implied [in an allegation] need not be expressly CT Page 11443 alleged." (Internal quotation marks omitted.) Lombard v. Edward J.Peters, Jr., P. C., 252 Conn. 623, 626, 749 A.2d 630 (2000).
Baril argues that the third party complaint is insufficient because there is no ordinance or statute that shifts liability to an abutting landowner for disrepair of a sidewalk as required by Dreher v. Joseph,60 Conn. App. 257, 759 A.2d 114 (2000). Baril argues that the rules and regulations of the Waterbury Water Bureau, article 2, subsection (d) only provide that a customer must maintain the curb stop, and does not expressly provide for a cause of action against the customer.[1]
"An abutting landowner, in the absence of statute or ordinance, ordinarily is under no duty to keep the public sidewalk in front of his property in a reasonably safe condition for travel." Wilson v. New Haven,213 Conn. 277, 280, 567 A.2d 829 (1989). "Abutting owners have only been held liable for injuries from defective sidewalks where under charter provisions they were not only charged with the duty of keeping sidewalks in repair but also expressly made liable for injuries occasioned by defective condition thereof." Willoughby v. New Haven, 123 Conn. 446,454, 197 A. 85 (1937); Dreher v. Joseph, supra, 60 Conn. App. 261.
Generally a municipality cannot shift liability to a landowner for an injury resulting from a sidewalk defect. Stevens v. Neligon, 116 Conn. 307,309-310, 164 A. 661 (1933). Pursuant to "General Statutes § 7-163a, [however], municipalities may transfer to abutting property owners liability solely for injuries caused by ice and snow on public sidewalks." Moss v. Bristol, Superior Court, judicial district of New Britain, Docket No. 487562 (December 21, 1999, Graham, J.)
(26 Conn. L. Rptr. 580); see also Radley v. Westport, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 165514 (March 31, 1999, D'Andrea, J.); Kuchinksy v. Ansonia,
Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 031697 (November 7, 1991, Sequino, J.). "General Statutes § 7-148 is the only other source under which a municipality may delegate duties to abutting landowners with respect to sidewalks. . . . Section 7-148 does authorize municipalities to require abutting property owners to remove debris and other obstructions from public sidewalks. However, unlike § 7-163a, it does not authorize a municipality to shift liability for injuries to adjacent landowners." (Citations omitted; internal quotation marks omitted.) Moss v. Bristol, supra, 26 Conn. L. Rptr. 580; see alsoFrederick v. Bristol, Superior Court, judicial district of New Britain, Docket No. 502804 (February 15, 2001, Swords, J.);Hutchinson v. Danbury, Superior Court, judicial district of Danbury, Docket No. 331013 (February 8, 1999, Radcliffe, J.)
(23 Conn. L. Rptr. 3); Mahoney v. Mobil Oil Corp., Superior Court, CT Page 11444 judicial district of Hartford-New Britain at Hartford, Docket No. 568849 (December 4, 1997, Aurigemma, J.) (21 Conn. L. Rptr. 138, 139). "[T]]here is no authority for municipalities to shift their liability for defective sidewalks to abutting landowners outside the context of ice and snow removal." Rodriguez v. Melekey,
Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 342710 (July 22, 1998, Skolnick, J.).
An abutting property owner, however, may be liable for injuries if the property owner creates and maintains a nuisance on his property. Wilsonv. New Haven, supra, 213 Conn. 281; Hanlon v. Waterbury, 108 Conn. 197,200, 142 A. 681 (1928). Liability can be imposed on an abutting landowner only if he causes or conceals the defect in the right of way by affirmative acts. Perkins v. Weibel, 132 Conn. 50, 52, 42 A.2d 360
(1945); Gambardella v. Kaoud, 38 Conn. App. 355, 359, 660 A.2d 877
(1995).
Contrary to Baril's argument, the court finds that the Waterbury ordinance in this case, Sec. 3122, does establish that a party may be liable for injuries that occur due to defects in the sidewalk that the party causes. Specifically, Sec. 3122 states, in relevant part: "Whenever any person shall cause any defect in, or place, or cause to be placed, any obstruction on, any of the streets of the city, such person shall be held to answer any claim for damages which may be against city therefor; and, whenever any suit shall be brought against the city for such damages, such person may be cited in to defend the same." Section 3122 "impose[s] liability only upon property owners who have committed affirmative acts causing defects. As such, [it is] consistent with the common law of this state." Coyle v. Waterbury, Superior Court, judicial district of Waterbury, Docket No. 096884 (Dec. 6, 1991, Blue, J.).
Examples of such affirmative acts include when an abutting landowner allows gasoline to spill from his property onto the sidewalk; see id.; and when an abutting land owner allows grease to seep from his restaurant onto the sidewalk. See Hanlon v. Waterbury, supra, 108 Conn. 200. It should be noted, however, that while "[l]iability is imposed for a wide range of nuisances on property that they actually own and control . . . the liability imposed on abutting landowners is much more limited. That liability is limited to cases of affirmative acts." Coyle v. Waterbury,
supra, Superior Court, Docket No. 096884.
The issue that remains is whether the city of Waterbury adequately alleges facts to establish that Baril affirmatively caused the defect. Baril argues that even if there is an ordinance imposing liability on an abutting landowner for a sidewalk injury, the city of Waterbury fails to allege that he affirmatively caused the defect pursuant to Sec. 3122, but CT Page 11445 instead alleges that Baril failed to remedy a defective situation.
In the third party complaint, the city of Waterbury alleges, inter alia, that "[t]he third party defendant failed to maintain said service box or otherwise failed to replace the service box cover thereby causing a defect in the sidewalk. . . ." The court further finds that the city of Waterbury has failed to allege any facts indicating that Baril affirmatively caused the cover of the curb stop to come off. The city of Waterbury only alleges that Baril caused the defect by failing to maintain the curb stop and failing to replace the cover. A party cannot sustain a cause of action for nuisance against abutting landowners based on mere omissions. See Mode v. Nelson, Superior Court, judicial district of New Britain, Docket No. 493091 (February 18, 2000, Graham, J.); Marinov. Branford, Superior Court, judicial district of New Haven, Docket No. 431477 (Oct. 12, 2000, Blue, J.) (28 Conn. L. Rptr. 297); Moss v.Bristol, supra, Superior Court, Docket No. 487562, 26 Conn. L. Rptr. 580.
In Marino v. Branford, supra, 28 Conn. L. Rptr. 297, the court, Blue,J., discussed the distinction between an omission and a positive act with respect to maintenance of a sidewalk. The court stated that the test between acts and omissions is "[i]f the defendant did not exist, would the harmful outcome in question still have occurred in the way it did?" Id. (quoting L. Katz, Bad Acts and Guilty Minds 143 (1987)). In applying that test in this case, the court finds that even if Baril did not exist, the curb stop would still have been left uncovered, thus continuing to be a sidewalk hazard. The fact that Baril may have failed to replace the cover or fix the defect was an omission and not an affirmative act. Consequently, the court finds that the city of Waterbury has failed to state a claim against Baril upon which relief may be granted.
The city of Waterbury argued, however, during the short calendar hearing, held on February 20, 2001, that this case is not a sidewalk case, but rather concerns water pipes owned by private individuals, which the city of Waterbury has no duty to maintain. The city of Waterbury argues that it is not attempting to shift liability because it had no duty to the plaintiff in the first place. The city of Waterbury also points to part of Sec. 3122 of the Waterbury code of ordinances, which provides: "Whenever an injury or damages has been caused by a structure legally placed on any highway in the city by any public service company, it, and not the city bound to keep such highway in repair, shall be liable therefor.[2] While the city of Waterbury's code does provide that a public service company, such as a water company, may be held liable for injuries it causes on a public highway, the city of Waterbury fails to allege a cause of action against a public service company. The city of Waterbury merely alleges that an abutting landowner is liable for CT Page 11446 failing to maintain a curb box because he did not replace the cover.
For the foregoing reasons, the court finds that the city of Waterbury has failed to state a cause of action upon which relief may be granted and the motion to dismiss the third party complaint is hereby granted.
Joseph W. Doherty, Judge